## BROWNE & JAMISON *vs.* SCOFIELD.

Where, in an action on the case, in a justice's court, for obstructing a river, the plaintiff claims that such river was a public highway at common law, and has been declared such by statute, without making any other proof of his right; and no fact is shown by the defendant, to controvert the right thus declared by law, but he pleads the general issue, and introduces in evidence a grant from the legislature, authorizing him to erect and maintain a dam across the river, of such construction as not to interfere with the public right of passage, the *title to land* does not come in question, so as to oust the justice of his jurisdiction to try the cause.

The production of such a grant, by the defendant, is evidence that he holds in subserviency to the public right of passage ; if it does not estop him from asserting the contrary.

The questions in issue in such a case, viz.: whether the defendant has obstructed the navigation of the river, and if so, whether the plaintiff has suffered injury thereby, are such as a justice may lawfully try.

To entitle a defendant to a dismissal of a cause, pending before a justice, on the ground that the title to land comes in question, he must call the justice's attention specifically to the objection, by at least disputing the title of the plaintiff.

*It seems* that courts are bound to take judicial notice of what streams are, and what are not, highways, at common law.

In this state, and in all the states of the union, rivers, wherever they are of sufficient capacity to float the products of the mines, the forests, or the tillage of the country through which they flow, to market, have always been adjudged by the courts to be subject to the right of passage, independent of legislation. *Per* JOHNSON, J.

The common law of England, upon this subject, from its want of fitness and adaptation to the condition of things here, has never been adopted ; or if adopted, it has been in a form modified and improved, to fit the condition of the country, and the wants of its inhabitants. *Per* JOHNSON, J.

THIS was an appeal, by the plaintiffs, from a judgment of the Steuben county court, reversing that of a justice. The facts are sufficiently set forth in the opinion of the court.

*Reynolds & Brundage*, for the appellants.

*W. Barnes*, for the respondents.

Browne *v.* Scofield.

*By the Court,* JOHNSON, J.   This was an action upon the case, commenced in a justice's court, for obstructing the Canisteo river, a public highway, by means of which the appellants, as they alledge, were injured in transporting their property thereon to market.   The respondent pleaded the general issue and also a grant from the legislature to erect and maintain a dam across the river.   On the trial before the justice evidence was given on both sides as to whether the respondent's dam, which was the obstruction complained of, was or was not an obstruction to the navigation.   When the appellants rested their cause, the respondent moved the justice for a nonsuit, on the ground, amongst others, that the appellants in their declaration had alledged that the Canisteo river was a public highway; that the plea had put that question in issue, and the justice had no jurisdiction to try it.

It was conceded, on the argument, that the county court reversed the judgment of the justice on the ground that the issue involved the title to land, and ousted the justice of his jurisdiction, and rendered his judgment void.   The same point is made here by the respondent's counsel, and the additional one that the act of the legislature, declaring the Canisteo river a public highway, was unconstitutional and void, inasmuch as it took private property for public use without compensation, and also impaired the obligation of a contract.

It is impossible to say, from the return, that on the trial before the justice the fact of the river being a public highway, or of the appellant's right to navigate it with his lumber, was in any way disputed or questioned by the respondent.   The principal controversy, and that to which the evidence was principally directed, was whether the erection was any obstruction.   Several witnesses were called on both sides, who had run lumber in the river at that place, both before and since the erection of the dam, who testified as to the comparative safety of the navigation at that point before and since the erection of the respondent's dam.   Some testified to having navigated the river with rafts forty years before the injury and twenty before the erection of the dam; and others to having run rafts there within a few

years before the dam was erected, and ever since.   Upon this question the evidence was somewhat contradictory.   The only objection is in the motion for a nonsuit, that the justice has no jurisdiction to try the question.   Upon what ground, or for what reason, does not appear.   It was a mere general allegation of a want of jurisdiction, without any reason assigned.   The statute (2 *R. S.* 168, § 63, *2d ed.*) provides that, " if it shall appear *on the trial,* from the plaintiff's own showing, that the title to land is in question, which title shall be disputed by the defendant, the justice shall dismiss the cause."   It was held in *Koon* v. *Mazuzan,* (6 *Hill,* 44,) that a party, to entitle himself to a dismissal, must call the justice's attention specifically to the objection, by at least disputing the title claimed, or he will be deemed to assent to the evidence being received, and will not be heard afwards to object.   Here the title was not disputed, and nothing set up to give the justice any fair notice that the defendant was disputing or contesting in any way the plaintiffs' right or title to navigate the river.   And if the suit turned upon this question, I should have no hesitation in saying that the right was not disputed or the objection taken distinctly enough to apprize the justice fairly of its object.   There is no objection to a justice rendering judgment, although the title to lands is in question, if the defendant do not expressly dispute it on the trial.   (*Adams* v. *Beach, Id.* 271.)

But in truth there was no title to lands here to try, nor any issue to that effect.   This Canisteo river was a public highway at common law, and was long since declared so by a public statute, of which all the courts in the state are bound to take judicial notice.   And it is idle to contend that here was a question of title to lands between the parties, before the justice. The public easement or servitude of the river never was the subject of private right.   No individual ever did or could have any title to it as against a citizen using it as a highway, any more than to the ocean itself.   Here was no question of right for the justice to pass upon.   The moment that question arose the statute settled it, without any proof.   But it is said the statute is unconstitutional.   How does this appear?   Was there

any proof here which rendered it necessary for the justice to pass upon the constitutionality of the act declaring the Canisteo a public highway? The respondent's counsel contends that it was private property. But this is mere assumption. There is no evidence in the case to warrant it. All the evidence goes to show that the river has been used as a highway ever since the settlement of the country, and long before the statute was passed. The statute did not create the right; it only declared what existed before, and by the common law. There was no attempt made, on the trial, to dispute the right of the public to use the river as a highway at common law. And unless it can be shown that the justice was bound to take judicial notice that the river was not a navigable river at common law, no question of the kind was before him.

But the proof adduced on both sides, upon the issue in regard to the obstruction, shows conclusively, and without any contradiction, that the river had from a very early day been used as an avenue to market. It is not necessary to insist that courts are bound to take judicial notice of what streams are, and what are not, highways at common law; though I think the proposition can be maintained that these natural highways are as much the subjects of judicial notice as the boundaries of the ocean, or the tideless character of our great lakes.

It is sufficient, however, for the purpose of deciding this case, to say that the courts are bound to notice the statute which declares the character of the river in question; and that the rights thus declared were not necessarily in issue by the pleadings, and in no manner whatever disputed or contested by any proof upon the trial. The appellants reposed upon a public statute, before the justice, without any other proof as to his right, and no fact was shown by the respondent to controvert the right thus declared by law. How then can it be said here was a question of title for the justice to try? The right of the appellant to use the river as a highway was legally established beforehand, and they had nothing to do on the trial but "to refresh the memory of the court," in the language of the books. There was no question of fact for the justice to determine or pass upon, in re-

gard to this right.  The fact was fixed by law, and no proof was adduced to show that it was established improperly, and no pretence of the kind suggested.  The statute which denies the right to a justice to try suits involving title to land, is founded, says Cowen, Justice, "on the impropriety of a title to land being tried and determined in a justice's court."  I do not think any such question of title as the statute contemplates arose in this case.

The difference between the question of public right to navigate the river, as it appeared on this trial before the justice, and that of a highway over the lands of an individual, laid out by commissioners under the statute, where the question is put in issue and the justice is called upon to determine the right from the proof of the regularity of the proceedings, or otherwise, is sufficiently apparent.  The respondent here, so far from disputing the right of the appellants, or the public to the easement, introduced in evidence his grant from the legislature authorizing him to erect and maintain a dam of such construction as not to interfere-with the public right of passage.  This was certainly evidence that the respondent held in subserviency to the public right of passage, if it did not estop him from asserting the contrary.

That this river was a public highway at common law, as it has always been understood and applied in this country, is abundantly established by the evidence in the case.  Not only in this state, but in all our sister states, these great natural channels and avenues of commerce, wherever they are found of sufficient capacity to float the products of the mines, the forests, or the tillage of the country through which they flow, to market, have always been adjudged by our courts to be subject to the right of passage, independent of legislation.  The common law of England upon this subject, from its utter want of fitness and adaptation to the condition of things here, in our extended territory, with its numerous inland lakes and countless streams, capable of floating the products of the country, hundreds and thousands of miles from the ebb and flow tide water, has never been adopted, or if adopted, it has been in a form modified and

improved to fit the condition of the country, and the wants of its inhabitants. (*Palmer* v. *Mulligan*, 3 *Caines,* 307. *Hooker* v. *Cummings,* 20 *John.* 90. *Shaw* v. *Crawford,* 10 *Id.* 236. *Canal Commissioners* v. *The People,* 5 *Wend.* 428. *The People* v. *Canal Appraisers,* 13 *Id.* 355. *Starr* v. *Child,* 20 *Id.* 158, 9, *per Bronson, J. S. C.* 4 *Hill,* 373. 3 *Kent's Com.* 411, 418.) The real questions in issue, and the only ones in fact tried before the justice, to wit, whether there was any obstruction, and the appellants had suffered injury thereby, were such as he might lawfully try. And on these questions of fact, as there was conflicting evidence, his determination is conclusive. I do not see that any material error was committed by the justice on the trial, or in rendering the judgment; and am of opinion that no title to land was in issue, to be proved by the plaintiff or disputed by the defendant on the trial. Judgment of the county court reversed, and that of the justice affirmed.

---

Same Term. *Before the same Justices.*