Section 54 of the Code provides, that no justice of the peace shall have cognizance of a civil action "where the title to real property shall come in question as provided by sections 55 to 62 inclusive." Sections 55, 56 and 57, provide the mode in which the defendant may by setting up in his answer that such title will come in question on the trial of the cause, giving an undertaking in effect to appear in the Supreme Court upon a complaint for the same cause of action, procure the action to be dismissed by the justice. Section 58 provides that in such case, where title is plead before the justice, if the undertaking required is not given, the justice shall have jurisdiction of the same, and the defendant shall be precluded in his defence from drawing the title in question. Section 59 then provides that, "if, however, it appears on the trial from the plaintiff's own showing that the title to real property is in question, and such title shall be disputed by the defendant, *Page 182 
the justice shall dismiss the action and render judgment against the plaintiff for the costs."
As the defendant did not in his answer set forth any matter showing that the title to real property would come in question, and give the undertaking as required in sections 55, 56 and 57, to oust the justice of jurisdiction of the cause, the justice was clearly entitled to proceed with the trial unless proof of such title came from the plaintiff and was disputed by the defendant.
The only question therefore presented for our decision is, whether it appears from the plaintiff's own showing, under section 59, that the title to real property came in question on the trial of the cause, and it was disputed by the defendant.
The action was for rent reserved in perpetuity in a grant in fee. The rent was payable in specified articles of personal property and not in money, and the duty to pay it and the right to receive it rested in covenants running with the deed. There was no privity of contract between the plaintiff and defendant. The first step in the process of establishing a right of action on the part of the plaintiff, was necessarily to show title in himself to the rent claimed, issuing out of the land in the occupation of the defendant. To prove his complaint, he was bound to show the original indenture of lease, and that he had succeeded to, or had acquired by grant or assignment, all the rights of the lessor to receive the rent reserved in such lease. He could only show these facts by the deeds and other paper evidence of title.
The plaintiff so understood his rights and the necessities of his case, for nearly the whole evidence given before the justice consisted of deeds, the will of Mr. Van Rensselaer, exemplifications, petitions to the court, and orders of the court showing a deduction of paper title as complete and orderly as if the action had been ejectment for recovery of the land.
Against the introduction of this chain of paper evidence of title, and to each and every part thereof, the defendant's counsel distinctly objected, and insisted that the evidence tended to bring in question title to real estate, which he disputed. *Page 183 
The plaintiff by this evidence was seeking to establish, that the defendant was in possession of land as the assignee under Snyder, the original lessee, subject to a rent charge, in perpetuity, reserved in covenants in such lease; that the plaintiff was the assignee of those covenants, from and under the original lessor, and was entitled to recover therein, in the action for the rent reserved and in arrears for many years.
The claim made and sought to be established by this proof was, in effect, that the plaintiff had a perpetual interest in the land occupied by the defendant, to the extent of a rent charge, payable yearly, as claimed in the complaint, "of five bushels of good, clean, merchantable winter wheat" (the original lease called for 16½ bushels, for the 187 acres), coupled with a right of re-entry for the non-payment of such rent.
The claim in substance, as made, is, that the estate of the original lessee, Snyder, was an estate upon condition; that this condition was the payment of the rent reserved; and that for the breach of this condition, the grantor and his heirs or assignees might re-enter, the lessee or his assignees forfeiting, and the lessor or his heirs or assignees acquiring, or being restored to, the whole estate.
The claim thus made, it seems to me, cannot be anything less than the claim of an interest in, or title to land. It is the assertion of a right to a perpetual interest in the land, as rent issuing from and running with the land. It is strong enough to overreach and destroy, upon contingencies, all title or interest of the lessees. It may ripen by default of the lessee into a perfect title.
It has been held in this court, that upon cases of this precise description ejectment lay for the non-payment of rent (VanRensselaer v. Ball, 16 N.Y., 10); and actions of ejectment have been maintained, in repeated cases, upon this title, or for the non-payment of rent upon these leases. (Wain v. Green, 32 Barb., 448; Van Rensselaer v. Snyder, 3 Kern., 299.)
When it distinctly appeared before the justice, that the plaintiff's claim was of this character; that it could only be established by deed; that it involved a title to or interest in the *Page 184 
land of the defendant, in perpetuity; and that the defendant resisted such claim, and distinctly disputed such title, it was his duty to have dismissed the action, under said section 59 of the Code.
I agree that the mere introduction of deeds or of paper evidence of title to land, before a justice, does not necessarily oust him of jurisdiction; and think the correct exposition of this statute is given by Judge COWEN, in Koon v. Mazuzan (6 Hill, 45). That was an action on the case for injuries to demised premises. The injury being to the tenant, it was necessary for the plaintiff, who was the reversioner, to show title. The plaintiff on the trial introduced a deed conveying to him the house and lot without objection. Judge COWEN says: "The evidence was received without objection and the title was not disputed," and properly held that the justice was not bound to dismiss the action unless his attention was distinctly called to the question and the title expressly disputed. So also it was held in Burr
v. Scofield (8 Barb., 241); Bellows v. Sackett
(15 id., 103).
The justice too, I think, in all cases where deeds or paper evidences of title to real estate are introduced before him, is entitled to consider the purpose for which they are introduced. If they are merely introduced incidentally to establish some collateral fact not involving any title to or interest in lands, he is to receive them like other evidence.
But it is said this case presents no question of title to real estate; that it is an action for rent in arrear, which is a debt due and owing and collectible like other debts; and an action for its recovery cannot be deemed an action for the recovery of real property, and that title to real property cannot come in question except by assailing that of the original lessor, and that a denial of the claim to rent in arrear only puts in issue the existence and ownership of the debt.
It is very true that rent in arrear is a debt due, and an action for its recovery does not involve, ordinarily, any question relating to the title to the land. Between landlord and lessee, where a privity of contract confessedly exists, the plaintiff in *Page 185 
an action to recover for rent in arrear, need not prove title and it cannot be called in question. He may also recover for use and occupation, and make all the proof requisite to entitle him to recover by parol; and if a written lease exists it may be referred to and proved and used to fix the amount of the recovery under the statute.
But these principles of law cannot be applied to this case. The defendant and his assignees have confessedly been in possession of the land in question for nearly seventy years, claiming title thereto in fee. The plaintiff seeks to charge this land with a rent charge, which the defendant is entitled to resist. He has made no contract. No deed or lease executed by him can be produced to estop him. He claims to hold in fee and admits nothing. He denies the plaintiff's title and disputes his claim. The plaintiff is bound to make out his right of action and he can only do it by deed. He is obliged to prove, assuming that the defendant's land was originally charged with the rent, that he has acquired a right to enforce the claim. The claim which the plaintiff makes, is, as Judge DENIO in Van Rensselaer v.Hays, 79, calls it, an heritable estate, and descends to the heirs of the grantor. The plaintiff is not heir of the lessee but assignee of a devisee of the grantor. The defendant clearly can dispute the plaintiff's title as such assignee to maintain an action upon the covenants in this lease and deny their validity and continuance. There is no estoppel between them, and if there were it could not be assumed until judicially declared. But the learned counsel for the appellants admits that "rents reserved upon leases in fee are undoubtedly treated as realty in some of their capacities and incidents," but insists that, as this action is for rent due, the grants under which the plaintiff claims are merely assignments of a chose in action.
If rents reserved in this class of leases are in fact treated and considered properly as realty, as "inheritable estates," as interests in perpetuity in land which descend to the heirs, as resting in deed, and only capable of establishment by the same degree and kind of proof as title to land, can it be that *Page 186 
an action to recover such rents does not necessarily involve questions relating to the title to real property; and will not a recovery in such an action necessarily involve a judicial determination of the existence and validity in law of the claim or right in question? Will it not rest upon a decision that the land in question is subject to the perpetual charge claimed?
It is not necessary, to oust the justice of jurisdiction, for the court to pass upon the nice, difficult, and doubtful question relating to the plaintiff's claim, and arising out of the evidence introduced before the justice in its support, or that we should decide what his precise rights in fact were under the deeds and paper title then exhibited as evidence of title. It is apparent that the questions are disputable and not of easy solution. The records of the judicial tribunals of the state for the last twenty-five years, show that they involve important interests, are considered of vital consequence, and have been raised, debated and discussed, and litigated with ability and earnestness by able counsel.
Whatever the plaintiff's right may be, I cannot think that a claim to a perpetual charge upon the land occupied and claimed by the defendant of a rent of "five bushels of good, clean, merchantable winter wheat," is not a claim of such an interest in real estate as essentially to affect the defendant's title to his land; and that an action designed to enforce, adjudicate, and establish such claim forever, is not one where the title to real property does come in question within the intent and meaning of the statute conferring and defining the jurisdiction of justices of the peace.
The statute excluding from their jurisdiction cases in which the title to real estate should come in question, was designed for just such cases as the present; and I can imagine no one which would more perfectly illustrate and vindicate the policy, propriety and wisdom of the provision.
I think the judgment below should be affirmed.