ISAAC BOYER, Respondent, *v.* URI SCHOFIELD, Appellant.

It lies with a party alleging error affirmatively to show it. Presumptions, if any are made, are always in affirmance of the judgment.

Where, in a suit affecting public property, in a justice's court, the title of neither party is disputed nor denied, though evidence be given concerning title, it does not oust the justice of jurisdiction.

Where no exception is taken to a decision of the court it is acquiesced in, and the ruling cannot afterward be reviewed.

In an action in the Supreme Court for damages caused by an overflow of plaintiff's lands by reason of dams erected by defendant, the judgment in a suit in a justice's court, involving precisely the same issues, was given in evidence. *Held,* that the judgment, so long as it remained unreversed, was conclusive between the parties.

ACTION to recover damages caused by the alleged diversion of a stream ·of water on to the plaintiff's land, originally commenced in a justice's court and dismissed there by plea of title.

At the trial, after the plaintiff had partly proved his case, he introduced in evidence a judgment in his favor rendered in a justice's court, where this defendant had sued him in trespass *quare clausum fregit,* for entering on his premises, digging up his land and changing the course of the stream on to this defendant's lands.

This plaintiff, as defendant in that suit, in his answer, first denied the whole complaint. He further answered that he entered solely to abate a nuisance by removing dams that this defendant had improperly erected on his land thereby diverting the stream on to this plaintiff's land. The defendant objected to this evidence. Objection overruled, and exception.

The justice of the peace who tried the cause then testified, on cross-examination, that he "tried the suit as to where the right to have the water flow was; that he decided where it ought to run according to the evidence."

The defendant moved then to strike out the evidence of the judgment on the ground that it appeared that the justice

decided the case and rendered judgment, upon the right of the parties as to the course of the stream involving the question of title to land which he had no power to try. Motion denied, and exception.

It nowhere appeared that title, if proved on the trial before the justice, was disputed or denied.

This defendant, on this trial, in answer to this evidence and to other evidence showing that he had put dams on his land and thus diverted the stream on to the plaintiff's, offered to prove that the usual and rightful channel of the stream was on and over plaintiff's land as it ran at the time complained of and when this action was brought. The court excluded the evidence on the ground that the justice's judgment was conclusive between the parties. To this decision there was no exception. The plaintiff proved the diversion of the stream and the damage by evidence other than the judgment. The court charged the jury that the plaintiff was entitled to recover. Exception by defendant. Judgment affirmed at General Term, and defendant appeals to this court. Case submitted on printed arguments.

*John W. Dinniny*, for the plaintiff and respondent.

*G. F. Spencer*, for the appellant.

PECKHAM, J. It lies with the party alleging error affirmatively to show it. If any presumptions are made they are always in affirmance of a judgment.

In the case at bar it nowhere appears that the title of either party in the justice's court was disputed or denied; in such case, if evidence be given of title, it does not oust the justice of jurisdiction. (*Koon* v. *Mazuyan*, 6 Hill, 44; *Adams* v. *Beach*, id., 271.)

Had it been disputed, the party insisting upon the invalidity of the judgment should have proved that fact. The justice testified that he decided where the stream ought to run according to the evidence. If there had been but one witness, and he sworn for the plaintiff in that suit (defendant in this) and testifying without objection, this testimony of

the justice would have been strictly true. It is no answer
to say that the court held the judgment conclusive and
refused to hear any evidence to impeach or contradict it.
The defendant took no exception to that decision, and there-
fore acquiesced in it. There was sufficient uncontradicted
evidence to warrant the direction given by the court to the
jury in favor of the plaintiff, entirely irrespective of the
judgment. If it proved nothing, if it were entirely imma-
terial, it affirmatively appears that it did no legal harm. The
jury did not consider it, as nothing was left for their consid-
eration. The court ordered a verdict for the plaintiff. True,
the court refused to hear evidence as to the true course of the
stream; but if the defendant was satisfied with and acqui-
esced in it, this court cannot review that ruling. Had the
defendant excepted to that ruling, then the question would
have been presented whether such a judgment upon an
undisputed point of title (if title be involved) was conclusive
as to the title in another suit. That question is not now
here. The question where the stream ought to run might
perhaps involve title to land (*Kintz* v. *McNeil*, 1 Denio, 436;
*Watts* v. *Kinney*, 23 Wend., 484), or it might not. (*Rath-
bone* v. *McConnell*, 21 N. Y., 466; *Haight* v. *Price*, id., 241;
*Ehle* v. *Quackenboss*, 6 Hill, 537.)

DAVIES, Ch. J. This action was originally commenced in
a justice's court, and, upon a plea of title being interposed,
was there discontinued and recommenced in the Supreme
Court. It was brought to recover damages caused by the
overflow of the lands of the plaintiff, by means of dams
erected by the defendant upon a stream passing through the
lands of both parties. The plaintiff, on the trial, produced
evidence that, in a suit in a justice's court, instituted by this
defendant against this present plaintiff, the questions at issue
in this cause had been litigated and adjudicated, and that it
had been decided that the defendant has no right, by dams
or obstructions, to turn the water from his land on to the
lands of the plaintiff. The defendant objected to the evi-
dence, on the ground that the same was immaterial, as that

judgment did not establish the right of the plaintiff as to where the stream ought to run; that the justice had no jurisdiction to try the question of right as to the course of the stream; and that it appeared, from the docket of the justice, that the defendant had appealed from the judgment. The court overruled the objection, and the defendant's counsel excepted.

It appeared that the appeal from the judgment was still pending and undetermined. The court held, that the former trial and judgment on the same question as that litigated in this case, namely, that the original, natural and rightful bed and channel of the stream in question was across the land of the defendant, to, upon and through the land of the plaintiff, in the course and direction in which the same flowed at the time and times complained of, settled the right of the parties, and the defendant could not, in this action, again litigate the same. The court instructed the jury that the plaintiff was entitled to recover, to which instruction the defendant excepted, and the jury found a verdict for the plaintiff, and judgment thereon was affirmed at General Term.

But two questions are presented for consideration, and the first is as to the conclusiveness of the judgment before the justice upon the rights of the parties. The questions raised and litigated in both actions were identical and based upon the right of the defendant to build and maintain the dams. The litigation in each action was between the same parties; and the judgment of a court having jurisdiction of the parties and of the subject-matter of the action is conclusive, until reversed, upon the parties thereto and their privies. (*Freer* v. *Stotenbur*, decided June Term, 1866; *Kerr* v. *Hayes*, decided September Term, 1866; *Burt* v. *Sternburgh*, 4 Cow., 559.)

A judgment of a justice of the peace, in a case of which he has jurisdiction, is, while unreversed, for every purpose, as conclusive, between the parties, as that of the highest court of record in the State. (*Mitchell* v. *Hawley*, 4 Denio, 414.)

The learned counsel for the appellant is mistaken in the assumption that the determination of the action in the justice's court necessarily involved a question of title to land. This court held in *Rat bone* v. *McConnell* (21 N. Y., 466), which was an action for diverting a water course, that no claim of title to land arose, so as to give the plaintiff costs under section 304 of the Code, when he recovered less than fifty dollars damages. It was observed, in the opinion, that it was no ways essential to the defendants that they should have an estate in the land benefited by the easement, or that their right should extend in point of time one moment beyond the commencement of the suit.

Although a mere revocable license would be enough to establish a defense, still they might have set up a grant as a title by prescription of a right to divert the waters of the stream, if such was the nature of their claim. This would have been an easement burdening the plaintiff's premises for the benefit of the lands, for the advantage of which the diversion was made. If such a grant or prescription had been set up it would have entitled the plaintiff to costs under the provisions of the Revised Statutes. In the action in the justice's court it was decided where the stream ought to run, and that decision was binding and conclusive upon the defendant until reversed. He cannot now set up in this action that the stream ought to run in a different channel from that established in that action as its proper and legitimate channel.

But by the fifty-ninth section of the Code, if it should appear on the trial, from the plaintiff's own showing, that the title to real property did come in question, yet the justice is not required to dismiss the action, unless such title shall be disputed by the defendant. The defendant has not shown affirmatively that the title to land did come in question on that trial. The plaintiff, in his complaint before the justice, alleged a trespass upon his close, but the defendant admitted in substance that the premises were the close of the plaintiff, but claimed the right to enter upon the same for the purpose of changing the course of the stream. The defendant did

not, therefore, in his answer, set forth any matter showing that title to real property would come in question. No undertaking could, therefore, properly be given or was given pursuant to sections fifty-six and fifty-seven of the Code, and section fifty-eight declares if the undertaking be not delivered as therein provided for, the justice shall have jurisdiction of the cause, and the defendant shall be precluded in his defense from drawing the title in question. The defendant is now too late in setting up the question of title to real property in that action. If any such question was presented in that case it was to be availed of either at the time of answering or upon the trial. If at the former period, then the justice could be ousted of jurisdiction of the cause in the manner pointed out in the Code. If the question of title of the plaintiff appeared on the trial, and the defendant did not dispute it, then the justice was to proceed with the action. The provisions of the Revised Statutes are identical with section fifty-nine of the Code. (See 2 Rev. Stat., 237, § 63.)

In *Koon* v. *Mazuzan* (6 Hill, 44), it was held, that although it appeared on a trial in a justice's court, from the plaintiff's own showing, that the title to lands is in question, and the justice improperly refused to dismiss the cause, his judgment will not be void for want of jurisdiction, but only voidable for error. It was also held that the justice may properly proceed and render judgment, notwithstanding evidence of title to lands be given by the plaintiff, if the defendants do not expressly dispute such title, nor move to have the cause dismissed. COWEN, J., in the opinion of the court, says: "But, it is plain that the statute does not mean to deprive the justice of jurisdiction absolutely. It leaves him to judge whether the title be in question or not, and if he mistake, the judgment is voidable for error and not void for want of jurisdiction. It follows, I think, that if the party will entitle himself to a dismissal, he must call the justice's attention specifically to the objection by at least disputing the title claimed. If he omit this, it is a waiver and a virtual assent that the evidence of title shall be received, and that the title

as made out shall pass without being drawn into dispute."
(So, also, *Adams* v. *Beach*, 6 Hill, 271.)

In *Browne* v. *Scofield* (8 Barb., 239) the court, by T. A.
Johnson, Justice, said, referring to *Koon* v. *Mazuzan* (*supra*),
that it was there held that a party to entitle himself to a dis-
missal, must call the justice's attention specially to the objec-
tion, by at least disputing the title claimed, or he will be
deemed to assent to the evidence being received, and will not
be heard afterward to object. In that case the title was not
disputed, and nothing set up to give the justice any fair
notice that the defendant was disputing or contesting in any
way the plaintiff's right or title. And it was said, that, if
that suit had turned upon this question, the court would
have no hesitation in saying that the right was not disputed
or the objection taken distinctly enough to apprise the justice
fairly of its object. That there is no objection to a justice
rendering judgment, although the title to lands is in ques-
tion if the defendant do not expressly dispute it on the trial.
(Referring to *Adams* v. *Beach*, *supra*.)

In *Adams* v. *Rivers* (11 Barb., 390), it was held that when
a complaint in a justice's court is so drawn that the defend-
ant can set up title on his answer, and on giving the requisite
security oust the justice of his jurisdiction, but omits to set
up title, the justice retains his jurisdiction and the defend-
ant will be precluded from drawing it in question on the
trial. Willard, J., in the opinion of the court says : " The
complaint was so drawn that the defendants could have set
forth in his answer any matter showing that title would come
in question, and thus, by giving the requisite security, oust
the justice of jurisdiction. He failed to do so, and therefore
the justice retained jurisdiction of the cause, and the defend-
ant was precluded in his defense from drawing the title in
question. * * If the title to land was brought in ques-
tion at all, it appeared on the face of the complaint. The
defendant, having failed to make that objection at the joining
of the issue and to give the required security, was precluded
from raising it as a defense upon the trial. The fifty-ninth
section is applicable only to those cases when the defendant

was not apprised by the nature of the action that the title would be in question, and when it first appears by the plaintiff's own showing on the trial, that it is in question. In such case, if the defendant disputes the title, the justice is required to dismiss the action."

These observations are applicable, with force, to the case at bar, and effectually dispose of the defendant's objection that the judgment in the justice's court, between these parties, was not a bar, on the ground that the justice had not jurisdiction of the action in which it was rendered. As already observed, that objection cannot now be taken, for the period has elapsed for setting up that the title to real property was involved therein. If this question appeared by the pleadings, it was to be interposed at the time of joining issue, and, in addition, security was to be given, if it appeared, on the trial, and was not disputed; then, in either contingency, the parties are now precluded from setting it up.

It follows that the justice's judgment was legal and valid, and the rights determined by it could not again be opened for contest, and the judgment appealed from must be affirmed, with costs.

Judgment affirmed.