WILLIAM H. SLATER, PLAINTIFF, v. ALANSON J. FOX, AND OTHERS, DEFENDANTS.

*Navigable stream — right of riparian owner to restore bank when washed away — Injury to opposite bank.*

Any person interested in the use of a navigable river may, with the assent of the riparian owner, erect upon the land of such owner a structure to restore the injured bank of the river at that point, such restoration being necessary for the proper navigation of the river, even though it cause the current of the stream to wash away the bank on the opposite side, which belongs to a third person.

MOTION for a new trial, on exceptions ordered to be heard in the first instance at the General Term, after a verdict in favor of the plaintiff.

This was an action to recover damages for unlawfully obstructing and turning upon plaintiff, the waters of Tioga river.

The Tioga river was declared a public highway in 1813. In 1868 the plaintiff owned a piece of land on the easterly side of the river, which there had a north-easterly course. One Erwin owned a farm on the opposite side of the river. In the spring of 1868,

the defendants, who were manufacturers of lumber, and had previously used the stream in transporting logs and lumber, built a dam or breakwater on Erwin's land, part way across the river as it there ran. The plaintiff claimed this operated to throw the water on to him, to his damage. There was some evidence to show that this dam did no more than to restore the original bank of the river on Erwin's land. The defendants offered to show that this dam was erected with the assent of Erwin. This was ruled out, and defendants excepted.

The court, in the course of its charge, said : "You may charge to the erection of the dam the washing of this [plaintiff's] front, which had occurred since the erection of the dam, except so far as you may find other causes to which you may reasonably attribute the washing since that time, unless you shall find the evidence in this case shows that it is not possible that the washing of this front should have been affected at all by the erection of this dam." To this the defendants excepted ; and the defendants requested the court to charge the jury, that if they found that the defendants, in erecting this structure, did no more than to restore the original bank of the river at the place where it was located, and that such structure was necesssary for the proper navigation of the river, the plaintiff could not recover. The court declined to so charge, and the defendants excepted. The jury found a verdict for the plaintiff of $100.

*J. W. Dininny,* for the plaintiff.

*Geo. B. Bradley,* for the defendants.

MERWIN, J. :

That part of the charge excepted to, as above noted, did it stand alone, would very likely mislead the jury, as it substantially throws the burden on the defendants to prove that they did not do the damage. But the charge, taken as a whole is not, I think, open to this objection. Taking it altogether, I think the jury would clearly understand that the plaintiff was to recover what damages were shown to have been done by the structure erected by the defendant.

By the other exceptions in the case, the question is presented,

whether or not the defendants, who are interested in the use of the Tioga river as a public highway, have the right, as against an opposite owner, to restore the original bank at a place where such restoration was necessary for the proper navigation of the river, the same being done with the assent of the owner of the land where done. In other words, can the plaintiff complain, if nothing more has been done than to restore the bank to its original position?

The public have a right of way in every stream which is capable, in its natural state and in its ordinary volume of water, of transporting, in a condition fit for market, the products of the forests or mines, or of the tillage of the soil, upon its banks (*Morgan* v. *King*, 35 N. Y., 454; *Browne* v. *Scofield*, 8 Barb., 239); and it is said that the public claim to such use should be liberally supported. A riparian proprietor has the right, by erecting barriers, to confine the waters within their original channel, and he is not responsible for any damage to his neighbor, unless the barriers prevent the water from running in its accustomed channel, and with its usual force. He may not make a different bank, but can repair or rebuild a broken one. (*Pierce* v. *Kinney*, 59 Barb., 56, affirmed in Court of Appeals; Angell on Water-courses, §§ 333, 334; Washburn on Easements, chap. 3, § 3, par. 47.) This being so, can the defendants, for their own benefit, with the assent of the riparian owner, do what such owner could legally have done? The plaintiff could not complain, if the owner had done the act in question. Has the plaintiff any better rights against the defendants, who are also interested parties and entitled to enjoy a privilege that should be liberally supported? The extent of the right of plaintiff was to have the river run in its accustomed channel; and, in order to recover, he must show an infringement of this right. The question is not whether the defendants have trespassed upon somebody else, or trespassed generally, but whether they have trespassed upon plaintiff. In this view, I do not see how to avoid the conclusion that the court below erred in refusing to hold that if the defendants did no more than to restore the original bank, they were not liable. They were legally upon the river, and entitled to it use. They had the right, in case of necessity, to make use of the bank for certain purposes. (Washburn on Easements, chap. 3, § 9, par. 16.) In case of a break or diversion of the stream

by the action of the elements, to their injury, they had the right to repair, interfering with no right as it stood before the break or diversion. This, it seems to me, is fair and just, and the correct basis for both parties to stand upon.

I think, therefore, the question should have been submitted to the jury, whether or not the defendants did any more than to restore the bank to its original position.

A new trial should be granted, costs to abide event.

Present — SMITH, P. J., GILBERT and MERWIN, JJ.

GILBERT, J., dissented.

New trial granted, costs to abide event.