DANIEL RYAN, APPELLANT, *v.* MICHAEL HARRIGAN, RESPONDENT.

*Justice's Court — title to land, when in question — Code, § 59.*

This action was brought in a Justice's Court to recover the damages occasioned by the negligent and careless act of the defendant, in discharging the waste and surplus waters from his lot upon that of the plaintiff. Upon the trial plaintiff gave proof, without objection, that he was in occupation of the lot, and described it as his. Subsequently, it appeared that the plaintiff did not live on the premises. The defendant moved for a nonsuit on the ground that the plaintiff was not in possession and occupancy of the premises, which motion was denied. *Held*, that this motion did not bring in question plaintiff's title to the premises, and that the justice was not thereby deprived of jurisdiction over the action.

APPEAL from a judgment of the County Court of Rensselaer county, reversing a judgment in favor of the plaintiff, rendered by a justice of the peace.

The action was brought in a Justice's Court to recover damages occasioned by the negligence and carelessness of the defendant, in discharging the waste and surplus waters from his lot upon that of the plaintiff. The defendant interposed a general denial.

On the trial plaintiff gave (under defendant's objection that it was irrelevant, improper and immaterial, calling for an improper basis and estimate of damages, and also for the conclusion of the witness as to the amount and extent of damage) certain evidence tending to show the value of the house on the lot in question before and after the water overflowed it.

*James Brice*, for the appellant.

*N. P. Hinman*, for the respondent.

LEARNED, P. J.:

The defendant did not set up title and give an undertaking under sections 55 and 56 of the Code.

The question is whether it appeared on the trial from the plaintiff's own showing, that the title to real property came in question and was disputed by the defendant. (§ 59.) The words "on the trial" do not apply to the joining of issue, but to the trial. (*Koon* v. *Mazuzan*, 6 Hill, 44.) There was nothing on the trial of this case to show that the defendant disputed the plaintiff's title. (*Boyer* v. *Schofield*, 2 Keyes, 632 ; *Althause* v. *Rice*, 4 E. D. Smith, 347 ; *Bellows* v. *Sackett*, 15 Barb., 96.) In the case of *Main* v. *Cooper* (25 N. Y., 180), cited by the defendant, the title was disputed.

This is not a case of wild land where possession is only constructive. The plaintiff gave proof, without objection, that he was in occupation of the premises. He described them as his. Other witnesses used the same language. Afterwards it appeared that the plaintiff did not live on the premises. The defendant then moved for a nonsuit on the ground that the plaintiff was not in possession and occupancy of the premises, which was denied. This objection did not point out that the title was disputed. (*Browne* v. *Schofield*, 8 Barb., 239.) Unless it be disputed, the justice does not lose jurisdiction. (*Adams* v. *Rivers*, 11 Barb., 390 ; *Fredonia and S. P. R. Co.* v. *Wait*, 27 id., 214.) In this case the complaint

averred damage by turning water on the plaintiff's premises. The defendant, in his answer, might have denied the plaintiff's title and might have given security under sections 55, 56.

If the general denial in the answer is claimed to have been a denial of title, then he should have given security. As he gave none, the justice had jurisdiction, and the defendant was precluded from drawing the title in question. (§ 58; *Adams* v. *Rivers, ut supra.*)

The defendant objects to the admission of certain evidence, on the ground that it calls for damages to the reversionary interest. All that appears is, that tenants of the plaintiff were occupying the house, whether by sufferance, or in what manner does not appear. At any rate the reversioner might sue (1 R. S., 750, § 8), and the complaint is sufficient, unless under specific objections, to permit the admission of this evidence. The kind of evidence to which the defendant now objects seems to be proper. (*Honsee* v. *Hammond*, 39 Barb., 89.)

We think that the judgment of the County Court should be reversed and that of the justice affirmed, with costs.

Present — LEARNED, P. J., BOCKES and BOARDMAN, JJ.

Judgment of County Court reversed and that of justice affirmed, with costs.