# SUPREME COURT.

THEODORE V. MASTEN agt. JOHN OLCOTT and ADELAIDE
OLCOTT.

*Estoppel — When judgment in justice court, in an action for trespass upon
land, is a bar to an action in supreme court to recover possession of the
same land.*

The judgment or decree of a court possessing competent jurisdiction is
not only final as to the subject-matter thereby determined, but also as
to every other matter which the parties *might* litigate in the cause, and
which they *might* have had decided.

Where, in an action in the supreme court to recover the possession of
land, the facts which the plaintiff claims entitles him to recover are
that, up to July 10, 1876, he, and those whose estate he has, had been in
possession of the property under a claim of title for more than twenty
years, and that on that day the defendant J. O. unlawfully entered
under the defendant A. O. and wrongfully took possession. An action
had previously been brought in a justices' court for a trespass upon this
identical property (the defendant in that suit being the plaintiff in this
action), and the issue which the plaintiff in that action, and one of the
defendants in this action tendered in substance, was that on or about
the 16th day of June, 1876, by virtue of an agreement with A. O., the
plaintiff in that action, became possessed of the land described — which
is described by metes and bounds — as a part of the saw-mill lot. He
came into possession not as a trespasser but by virtue of an agreement
with A. O. He took and became possessed of it as a part of the saw-
mill lot. The defendant in opposition tendered the following issue:
He denied each and every allegation, and claimed that he had been in
possession of the property for the last twenty years:

*Held,* that the judgment which was recovered by one of the defendants in
this action in justices' court against the present plaintiff for a trespass
upon this identical property is a bar to this action.

Litigating the question of possession is not trying the title, but it is an
issue which can be properly tried and determined in justices' court.

*Sullivan County Circuit, October,* 1880.

*F. F. Bush,* for plaintiff.

*T. A. Niven* and *Thompson,* for defendants.

Masten agt. Olcott.

WESTBROOK, J. — This question has been suddenly sprung upon me during the trial, and my opportunity to examine it has, therefore, been limited, but I have thought of it carefully. I can say, further, that I have no reasonable doubt in regard to the correctness of my conclusion; if I had I would adopt the course which the counsel for the plaintiff has just suggested, making a *pro forma* ruling against the defendants. I may further say that I regret that I am compelled to dispose of the case upon this technical ground, for without it, so far as the evidence has disclosed the defense, I should be compelled to order a verdict in favor of the plaintiff. For this property, indisputably from all the evidence in the cause, was worked up to an old wall which has stood there for forty or fifty years; that wall has been a silent witness as to where the line between the saw-mill lot and the Wiltsie lot was for all that long period of time. Evidence of that character cannot be overturned upon light declarations and upon casual conversations testified to by interested parties. The evidence in the cause also is, that at a very early period there was a surrender of a part of the saw-mill lot for the purpose of straightening the line; and from that period of time, for more than forty years, there has been a cultivation and occupation of the Wiltsie lot up to that stone wall; and I am very much inclined to think that the parties to the partition suit and the purchaser at the partition sale so understood it when they made the conveyance to Helins only up to this old stone wall. It is, I know, unimportant for the purposes of the question before us, that I should have made those remarks, but those facts are in the case and I deem it but proper to state them.

The question now to be determined is this: Is the judgment which was recovered by one of the defendants in this action in justices' court, against the present plaintiff for a trespass upon this identical property, a bar to this action? In determining the question whether or not the former suit is a bar it is important to see what the plaintiff in this action claims are the facts which entitle him to recover. His claim

is that, up to July 10, 1876, he, and those whose estate he has, had been in possession of the property under a claim of title for more than twenty years, and that on that day the defendant, John Olcott, unlawfully entered under the defendant Adelaide and wrongfully took possession. If he recovers he must recover upon that theory alone, and upon the truth of those allegations. The plaintiff has not shown a paper title to the property by virtue of which alone he could recover; for to recover on a paper title alone he must trace the title back to the State, the source of title. But he seeks to recover on his paper title, because he and those whose estate he has, as I have before remarked, have been in possession for twenty years prior to the entry upon the property by the defendants; that the plaintiff, and those whose estate he had, had thus been in possession was proper to be shown in justices' court, not for the purpose of establishing the legal title to the property to be in the defendant in the action in justices' court, but for the purpose of showing that the defendant in that action (who is the plaintiff in this) had the possession of the property and not the plaintiff in justices' court and the defendant in this action; and if that had been established in justices' court there could have been no recovery in that court by the plaintiff in that action.

Now, what did the judgment in justices' court establish? For the purpose of seeing what that judgment established, it may be well to look at the complaint as the issue which the plaintiff in that action, and one of the defendants in this action, tendered. In substance, he says that, on or about the 16th day of June, 1876, by virtue of an agreement with Adelaide Olcott, the plaintiff in that action, became possessed of the land described — which is described by metes and bounds — as a part of the saw-mill lot. He came into possession, not as a trespasser, but by virtue of an agreement with Adelaide Olcott; he took and became possessed of it as a part of the saw-mill lot.

What issue did the defendant tender in opposition to that?

He denied each and every allegation, and claimed that he had been in possession of the property for the last twenty years. When, therefore, a judgment is rendered in favor of the plaintiff in that suit, and against the defendant in that suit (the defendant in that suit being the plaintiff in this action), what does that judgment necessarily establish? It not only establishes, as matter of fact, that the plaintiff in that action was in the possession of the property, and that the defendant in that action was not in possession of the property, as claimed by him upon that trial, and as now claimed, but it also judicially determines, as matter of law, a further fact, and that is, that the entry of the plaintiff in that action upon that property was not wrongful and tortious, as now claimed, but proper and legal as then and there claimed by the plaintiff in that suit; and that the defendant's (the plaintiff in this action) entry upon that property was a tortious and wrongful entry. Until that judgment establishing those facts is reversed, it is forever conclusive between the parties on those issues. Neither party is at liberty to dispute or deny them. No other court, nor any other jury can ever find them in another action to be otherwise than as therein and thereby established, and if the plaintiff in this action should recover, he can only recover by establishing the contrary of those facts, and I repeat all those facts were facts proper to be tried in justices' court; facts of which the justice had perfect, full and complete jurisdiction to try and decide, for it has been held that litigating the question of possession is not trying the title, but it is an issue which can be properly tried and determined in justices' court. So that we find that in the justices' court it has been adjudged that the fact which the plaintiff now alleges, that he, and those whose estate he has, had been in possession of that property for twenty years prior to the entry by defendant, is not true, and it being found and established not to be true, by no evidence can it be established to the reverse in the present action.

I have thus far looked at this question of estoppel, based

Masten agt. Olcott.

upon the theory of the defendant that a judgment of a court is only conclusive upon those facts which could be tried in the court where they were tried, and I have shown that those facts upon which the plaintiff relies, and which are essential to his recovery, could have been tried in justices' court, and were in fact then tried and determined against him. But there is another view of the case which seems to me to be equally clear, and that is this: Conceding that the justice had not the power to try the entire issue of the parties; conceding that he had no power to try the actual title to the land, does that make any difference in fact with the effect of the claimed estoppel? If in that suit, and if in that action, the question of title was not tried, whose fault was it? It could have been tried in that action, though not before the magistrate before whom suit was instituted. The statutes of the state gave to the defendant the right to present his entire defense. He was not compelled, because he was sued in a justices' court, to present only half of his defense. By choosing that tribunal the plaintiff could not debar the defendant of all the defense which he had to the action. He was at liberty still to make in *that* action his whole defense, and show in *that* suit that he had title in fact to the property. I emphasize the words "*in that suit*" because it has been adjudged and decided that if the defendant in an action tenders the plea of title, and gives a bond, that the suit which is commenced in another court to recover for the same cause of action is a continuation of the suit in justices' court. Now the defendant in that action was not, as I have before said, bound to make only a partial defense. He could have made his whole defense. He could, in addition to the defense which he made, have also interposed the plea of title and said: "I am the owner of this property; it was my property, and though the defendants came into the possession of the property upon the 10th of June, 1876, their act was a trespass upon my rights as owner." He could have given a bond and taken the suit to another court.

It is said, by the counsel for the plaintiff, that this might oftentimes work injustice; that a party might sometimes be unable to give a bond; he might be poor. He asks, and there seems to be some plausibility in the question: Ought a man to lose his property because he is poor? Well, unfortunately, oftentimes that question must be answered in the affirmative. There is many a man who has lost his rights because he was too poor to defend them. There is many a man who has lost his suit because he was unable to procure the witness who could have established his defense. It is oftentimes that the rules of justice work with harshness in particular cases, and we can only defend the rules by saying that the law must be general in its operation and in its effects, and the good which is done thereby is greater than the evil which may sometimes result in particular cases. If the defendant could have made that defense in justice court, by interposing a plea of title, and taking it from before the justice, was he not bound to do so?

I believe it is a rule of law, perfectly well settled — settled from time immemorial — that when a party is sued he must make whatever defense to that cause of action that he can make; and a failure to make every defense which he can make is a waiver of every one which he does not make; and if the plaintiff in this action undertook that trial with only a partial defense, when he could have made a complete defense, and thereby enabled the justice to decide that his acts were trespasses, and the acts of these defendants were not, he must forever be estopped and precluded, because, by the finding, and by the judgment in this case, if the plaintiff recovers, then it is judicially determined and declared that the acts of the plaintiff in this action were legal and right, and that the acts of the defendant in this action were trespasses, being the exact opposite of what was determined in justice court.

It is hardly worth while to cite authorities to establish the doctrine, that whatever defense a man can make to the cause of action he must make, because the rule is thoroughly and

firmly established. It was so held in the case of *Seguin* agt. *Gouverneur & Kemble* (1 *Johnson's Cases*, 436), where it says: " The judgment or decree of a court possessing competent jurisdiction is not only final as to the subject-matter thereby determined, but also as to every other matter which the parties *might* litigate." Where, may I ask ? Not in the tribunal before which a cause is brought, but which they " might litigate in the cause, and which they *might* have had decided."

Now, if the case, upon being discontinued from justices' court by the giving of the bond, and begun in another court, is " *the* cause," and if the defendant by giving a bond might have litigated that question in " *the* cause," it follows that this rule as here laid down is directly applicable.

Again, this same doctrine is laid down in the note on page 492, 1 *Johnson's Cases* (*Shepard's edition*). Speaking of this principle it says: " The general principle here stated has become firmly fixed in the jurisprudence of the country," citing a large number of cases and citing the old maxim, " *Interest reipublicae ut sit finis litium.*" That is, it is the interest of the state or republic that there should be an end to litigation. " Thus a judgment rendered on a promissory note is a good bar to an action on such note, though blank spaces are left in such judgment for the amount of damages and costs ; and a judgment in favor of the plaintiff, in an action of trespass to try title, is conclusive between the parties as to all titles which the defendant had at the time of the trial."

This same doctrine is followed in 49 *New York*, in the case of *Malloney* agt. *Horan*, in the opinion of judge Folger, at page 116, where he says: " It is claimed that the rule goes further, and that the judgment is final and conclusive upon the parties to it upon all matters which might be litigated and determined therein," citing *Le Guen* agt. *Governeur* (1 *Johnson's Cases*, 436, *and note to Shepard's edition*). There the judge proceeds to show why that rule was not applicable to the case before him, and then adds that this defense of the

party in this case "would not have been matter in direct opposition to the action in defense of the claim made by the plaintiff therein. It would have been a *quasi* admission of the cause of action set up, and a seeking for relief in the judgment which must follow; and when the authorities say that a judgment is final and conclusive upon the parties to it, as to all matters which might have been litigated and decided in the action, the expression must be limited as applicable to such matters only as might have been used as a defense in that action against an adverse claim therein. Such matters, as if now considered, would involve an inquiry into the merits of the former judgment."

I then understand this case as affirming the doctrine in the first of *Johnson's Cases*, to the effect that all matters which make a direct and straight defense to the cause of action of the plaintiff must be tried in that action, if they can be tried therein, and I have shown that the alleged title of ownership of this plaintiff could have been tried in that action commenced before the justice, if the plaintiff had taken the proper steps so to do. Without, however, reasoning this case out upon principle any further, let me now refer to the cause of *Boyer* agt. *Schofield* (*in* 1st *of Abbott's Court of Appeals Decisions, and also reported in* 2 *Keyes*, 628), for I regard that case as directly in point on the very question before us, and as clearly decisive of it. One Schofield, by the construction of a dam, had diverted the water of a stream and caused it to overflow the land of Boyer. Boyer entered upon Schofield's land and tore down the dam, and for that act Schofield sued him in justices' court. Boyer succeeded in his defense, and having been successful in that suit, he then brought an action against Schofield for the injury done to him by the nuisance which he (Boyer) had abated, and upon the trial of the action, brought by Boyer against Schofield, it was held that the former judgment in his favor in justices' court was a complete settlement of the rights of the parties, and that they could not again be re-investigated. And I think a study

of this case will show that the court put themselves substanti-
ally upon the same ground upon which I rest my decision ; in
this I refer especially to the concluding portion of the opinion
of DAVIES, chief justice. He says : " These observations are
applicable, with force, to the case at bar, and effectually dis-
pose of the defendant's objection that the judgment in the
justices' court, between the parties, was not a bar, on the ground
that the justice had not jurisdiction of the action in which it
was rendered ; " and I may say, in passing, the right to overflow
another man's land by a stream of water, or the right to divert
water from another's land, does involve an inquiry into title
and rights of ownership of real etate. Judge DAVIES con-
tinues : "As already observed, that objection cannot now be
taken, for the period has elapsed for setting up that the title to
real property was involved therein. If this question appeared
by the pleadings, it was to be interposed at the time of joining
issue, and, in addition, security was to be given if it appeared on
the trial and was not disputed ; then, in either contingency "—
either because not pleaded at the proper time, or because a
motion was not made to dismiss for want of jurisdiction —
" the parties are now precluded from setting it up."

It seems to me, therefore, upon every view of this case, and
for the reasons which I have stated, a verdict in this case must
be directed in favor of the defendants. I repeat, that I regret
this because I think, independent of this question of estoppel
by the judgment in justices' court, that the plaintiff has estab-
lished a clear title to the property ; and let me say now what,
perhaps, it may be well to speak in this room, that the law
has respect to what the parties have done in regard to bounda-
ries. After long years have elapsed it is always impossible to
ascertain with precision where lines were once located. The
surveys may not have then been as accurate as now, and par-
ties may have been less careful about a few feet of land then
than now ; and what they did years and years ago by way of
proclaiming where the line between parties is, which has been
acquiesced in and lived up to for a long series of years, is

higher and better evidence of what the true location of the line is than any modern and recent surveys; and if parties will remember that what they have practically lived up to as the line for over twenty years becomes in law the line, it will save much litigation and much feeling.

For the purpose of enabling the plaintiff to review my decision, if wrong, I will suspend the entry of judgment, and order the case to be heard in the first instance at the general term, and give to the plaintiff such further time as he may desire.

Judge Bush — With all due respect to your honor's decision, I desire to ask, for the purpose of raising questions, as follows: To direct a verdict for the plaintiff in this action. (Denied. Plaintiff excepts.)

Judge Bush — I except to the ruling that the plaintiff has not proven a paper title, but that he relies upon possessions under his deed in this action.

The Court — That hardly expresses my thought; that was only a reason which I gave for granting this motion, which has been made for judgment on account of the estoppel. I did not say that you did not rely upon paper title, or had not proved paper title, but I say you have not established such a paper title in this case as would, without the evidence of possession accompanying it, give you a right to the premises; that is what I said.

Mr. Bush — To that I take an exception, and also to your ruling that the question in this case (as I understand it) turns upon possession of the plaintiff for more than twenty years under his deed, and that that matter of fact is determined by the judgment in the justices' court; also that the justice's judgment is conclusive upon the question of title in this case; also that the judgment judicially determines the issue of possession for fifteen years; also that the judgment judicially determines that the defendant in this action was lawfully in possession of the land at the time of the trespass, and that the defendant entered the land without right; also that the

defendant was bound to plead title in the justices' court and give the bond required by the Code; and that a neglect to do so estopped him from claiming that in this action.

The COURT — All those matters you specially except to are simply my reasons which I give for the general result which I am about to order, viz., a verdict in favor of the defendant. I think it is better and safer for you to except to the general direction instead of the particular reasoning upon which I sustain it.

Judge BUSH — I except to your honor's ordering a verdict for defendant, and ask that a stay of proceedings be granted until the case can be heard at the general term and sixty days in which to make a bill of exceptions.

The COURT — Certainly.

Judge BUSH — The only question that I wish to consider at the general term is the effect of the justice's judgment; and I desire, instead of making a case and lumbering the record up with all these documents and deeds, that we simply make a bill of exceptions containing so much of the proceedings as is necessary to show that question. In that view I purpose simply to make a bill of exceptions.

The COURT — Yes; I ought to have made, and I will make, this general remark about the effect of that partition case. I think the partition case is clearly no estoppel. Let me state my reasons why it is not an estoppel in my judgment. The description, it is true, in the partition case is a description taken from the old deeds, and, perhaps, by running the course and distance in the deed it might include the *locus in quo;* but course and distance in a deed must yield to monuments, and the long occupation of the parties proven in the case up to that stone wall, in my judgment, conclusively establishes the line between the saw-mill lot and the Wiltsie lot; establishes it as evidence not only as a mere matter of estoppel, but the fact of that long occupation is conclusive proof as to where that line originally was, and, therefore, that the judgment in the partition case can be no estoppel.

Mr. Thompson — To that we except; we wish that question to go to the general term.

Judge Bush — We wish it understood that those questions cannot be passed upon by the general term, because the case does not turn upon any of these questions.

The Court — We will take care of that bye-and-bye. "Sufficient unto the day is the evil thereof."