THEODORE V. MASTEN, PLAINTIFF, *v.* JOHN OLCOTT AND ADELAIDE OLCOTT, DEFENDANTS.

*Judgment in former action — only a bar as to the matters actually litigated — effect of a defendant in a Justice's Court withdrawing a plea involving the title to land.*

One John Olcott, claiming to be in possession of a certain piece of land and to be a tenant of Adelaide Olcott, brought an action in a Justice's Court to recover damages for a trespass committed thereon by one Masten. Masten alleged, and upon the trial offered to prove, that he had been in possession of the land for twenty years; but upon Olcott's objecting that it would bring the title to land in dispute, he withdrew this defense, and judgment was entered in Olcott's favor. Nothing was litigated before the justice but Olcott's actual occupation and the amount of damages sustained. Thereafter this action was brought by Masten against John and Adelaide Olcott to recover the land.

*Held,* that this action was not barred by the former judgment, as the question of title was not in any way involved or determined therein.

That Masten did not waive or in any way prejudice his rights by withdrawing his offer upon Olcott's objecting, instead of giving an undertaking and removing the action into another court.

MOTION for a new trial on exceptions, ordered to be heard in the first instance at the General Term, after a verdict directed for the defendants at the Circuit.

*T. F. Bush,* for the plaintiff.

*Thornton A. Niver,* for the defendants.

LEARNED, P. J.:

This is an action of ejectment. The plaintiff claims title to a lot of some three acres. The defendant, Adelaide Olcott, claims title to a part of that lot, being about one acre. On the trial it was shown by the defendants that, prior to commencement of this action, John Olcott, claiming in his complaint to be a tenant of Adelaide Olcott of this acre, brought an action of trespass in a Justice's Court, for injury done by Masten's cattle to his crops. The complaint alleged possession only. The answer of Masten denied the allegations, and averred possession in himself for the last twenty years. On the trial of that action in the Justice's Court, Masten offered to prove possession for twenty years. The plaintiff, Olcott, objected, on the ground that it would bring the title to the land in question. Masten thereupon withdrew his offer. And the plaintiff, in the Justice's Court, had judgment.

The justice testified that the question of title of the defendant was not tried; that the question of occupancy for twenty years was not tried; that nothing was litigated but the actual possession and occupation at the time of trespass, and the amount of damage to the crop.

Upon the trial of the present case, it was held by the learned justice that the judgment in the Justice's Court was conclusive as a bar. He directed a verdict for the defendant. That presents the only question here.

Although the complaint of John Olcott in the Justice's Court averred that he was in possession, as tenant of Adelaide Olcott, yet such tenancy was not in issue in that court. All that was established by the verdict was his possession; it might be as owner, or even as tenant for years under Masten. For, even as Masten's tenant, he could have maintained the action. Nor does it appear by the testimony of the justice that, as a matter of fact, it was shown that John Olcott claimed under Adelaide. It was enough for him to prove possession, unless Masten showed a paramount and adverse title. (*Ehle* v. *Quackenboss*, 6 Hill, 537.) Nor have we a right to assume that, upon that trial, John Olcott was not shown to be a tenant of Masten. (Green. Evid., § 528, etc.) It is that which is requisite to be proved and established in order to recover a judgment, and that only, which is *res adjudicata* and

conclusive on the parties. (*Blair* v. *Bartlett*, 75 N. Y., 150; *Toles* v. *Gardner*, 11 W. Dig., 395.

Masten was precluded from drawing the title in question, and if it appeared on Olcott's showing to come in question, the action would have been dismissed. (Old Code, §§ 58, 59.)

In *Terrett* v. *Cowenhoven* (18 Sup. Ct. N. Y., 320), it was held that a judgment rendered in summary proceedings before a county judge to remove one holding over after sale under execution, did not estop the person removed from asserting afterwards an equitable title, which he had to the land at the time of removal. And the reason was that the county judge had not jurisdiction to pass on the equitable rights of the party.

In the case of *Boyer* v. *Schofield* (2 Keyes, 628), two opinions were written. It does not appear which was the opinion of the court. But it does appear that when the court below excluded certain evidence, on the ground that the justice's judgment was conclusive, no exception was taken. The only question properly raised seems to be on the motion to strike out the evidence of the justice's judgment, on the ground of want of jurisdiction. That case seems to throw little light upon the present.

But in *Dawley* v. *Brown* (79 N. Y., 390), the court say, in speaking of a prior action in ejectment: " It may be shown by parol on what title it was rendered." " It is not the former recovery which constitutes the estoppel. It is the decision of the question which was in contestation between the parties." Applying that to the present case, we see by the direct testimony of the justice that the title was not in dispute between the parties.

The defendant insists, however, that, as Masten might (as he assumes) have pleaded title, and thus might have transferred the litigation to a tribunal which had jurisdiction of questions of title, his neglect so to do is equivalent to a verdict against him on that very question. But Olcott had commenced the action in a court where the question of title could not be tried. Masten was willing to litigate upon the matters of which the justice had jurisdiction. It would not be just, therefore, that he should be precluded as to the questions which he did not litigate, for the reason that he might have litigated them in another tribunal, if he had given the bond to oust the justice. The claim must be within the issue, and must

be passed upon to create a former adjudication. (*East N. Y. and J. R. Co.* v. *Elmore*, 53 N. Y., 624.)

Nor are we at liberty to assume that the title could have been brought in question if a bond had been given, because we are not informed by anything which is shown to have taken place in the Justice's Court that at the particular time of the trespass Olcott was holding possession adversely to Masten. The justice testifies that nothing but possession was shown. (*Toles* v. *Gardner*, 11 W. Dig., 395.)

On the whole, we think that a new trial should be granted, costs to abide event.

Present — LEARNED, P. J., BOARDMAN and BOOKES, JJ.

Motion for new trial granted, costs to abide event.