Bowyer *v.* Schofield.

---

BOWYER *v.* SCHOFIELD.

September, 1866.

In an action in a justice's court for injuries to real property, if the title of neither party is disputed, evidence given concerning title does not oust the justice of jurisdiction.*

The question where a stream ought to run does not necessarily involve title.†

---

* Beside authorities in the text, see also Main *v.* Cooper, 25 *N. Y.* 180; affirming 26 *Barb.* 468; Bellows *v.* Sackett, 15 *Id.* 96; Fredonia, &c. Plank Road Co. *v.* Wait, 27 *Id.* 214; Balja *v.* Rawley, 37 *How. Pr.* 120; Eagle *v.* Swayze, 2 *Daly,* 140.

† In a similar case, where, however, the question was whether one party had a prescriptive right to use a well on the premises of the other, it was held that the title to land was in question, and the justice had no jurisdiction. Gage *v.* Hill, 43 *Barb.* 44. S. P., Rathbone *v.* McConnell, 21 *N. Y.* 466, 468. Compare O'Donnell *v.* Brown, 3 *Lans.* 474.

The following questions have also been held to involve title:

Property in growing trees. Powell *v.* Rust, 8 *Barb.* 567; S. C., 1 *Code R. N. S.* 172.

The right to recover rent reserved on a grant of land in fee. Main *v.* Cooper, 25 *N. Y.* 180; affirming 26 *Barb.* 468.

A right of way asserted as easement. Little *v.* Denn, 34 *N. Y.* 452; Alleman *v.* Dey, 49 *Barb.* 641.

The actual possession of land is not a question of title. Fredonia, &c. Plank Road Co. *v.* Wait, 27 *Barb.* 214; Muller *v.* Bayard, 15 *Abb. Pr.* 449; Heintz *v.* Dellinger, 28 *How. Pr.* 39; Burnet *v.* Kelly, 10 *Id.* 406; Squires *v.* Seward, 16 *Id.* 478.

A question of location under undisputed deeds, depending only on accuracy of measurement, is not a question of title. Heintz *v.* Dellinger, 28 *How. Pr.* 39. But compare Hinds *v.* Page, 6 *Abb. Pr. N. S.* 58, where a question of boundary involved title.

The question of the existence of a license does not involve title. Burnet *v.* Kelly, 10 *How. Pr.* 406, and cases cited; Turner *v.* Van Riper, 43 *How. Pr.* 33; Muller *v.* Bayard, 15 *Abb. Pr.* 449; William, Earl of Craven,

Bowyer *v.* Schofield.

A judgment in a justice's court, in an action for trespass in entering plaintiff's land to abate an alleged nuisance, consisting in turning a stream of water on to defendant's land, is admissible, and, *it seems,* conclusive, in an action by defendant to recover damages for the nuisance, if both actions involve the same issues.[*]

Isaac Bowyer sued Uri Schofield in the supreme court, to recover damages for injuries occasioned by an alleged diversion of a stream of water from the land of the defendant on to the land of the plaintiff.

The parties owned adjoining lands, through which a stream of water flowed ; and Schofield, by the construction of dams, diverted the water, and caused it to overflow the land of Bowyer. Bowyer entered Schofield's premises and abated the dam, whereupon Schofield sued Bowyer in a justice's court for trespass. Bowyer, the defendant in that suit, in his answer, interposed a general denial, and also alleged that he entered solely to abate a nuisance by removing the dam that Schofield had erected.

Bowyer, having prevailed in his defense in that action, brought the present action for the damages to his land by the overflow.

This action was originally commenced in a justice's court, and, upon a plea of title being interposed, was there discontinued and recommenced in the supreme court.

On the trial of the present action, the plaintiff produced evidence that, in the suit in a justice's court, instituted by this defendant, Schofield, against this present plaintiff, Bowyer, the questions at issue in this cause had been litigated and adjudicated, and that it had been decided that the defendant had no right, by dams or obstructions, to turn the water from his land on to the lands of the plaintiff. This evidence consisted of the judgment of the justice, and of his testimony as a witness. On

---

*v.* Price, 53 *Barb.* 442. And see Babcock *v.* Utter, p. 27 of this vol., as to the distinction between title and license.

As to actions for deceit respecting title to land, see Taylor *v.* Scoville, 54 *Barb.* 34 ; White *v.* Seaver, 25 *Id.* 235.

[*] Compare, however, Goodale *v.* Tuttle, 29 *N. Y.* 459 ; affirming 41 *Barb.* 194 ; where the issues were held different, the stream being described as surface water in one suit, and in the other as a drain.

cross-examination, he testified, that he "tried the suit as to where the right to have the water flow was; and decided where it ought to run, according to the evidence."

The defendant objected to this evidence, on the ground that it was immaterial; and, after the justice had testified as to the nature of his decision, defendant moved to strike out the evidence relating to the judgment, on the ground that the judgment did not establish the right of the plaintiff as to where the stream ought to run; that the justice had no jurisdiction to try the question of right as to the course of the stream; and that it appeared from the docket of the justice, that the defendant had appealed from the judgment. It did not appear that the title of either party to his land was questioned in that suit. It appeared, however, that the appeal from the judgment was still pending and undetermined.

The court overruled these objections, and defendant excepted.

The court held, that the former trial and judgment on the same question as that litigated in this case,—namely, that the original, natural and rightful bed and channel of the stream in question was across the land of the defendant, to, upon and through the land of the plaintiff, in the course and direction in which the same flowed at the time and times complained of,—settled the right of the parties, and the defendant could not, in this action, again litigate the same. The court instructed the jury that the plaintiff was entitled to recover, to which instruction the defendant excepted, and the jury found a verdict for the plaintiff.

*The supreme court*, at general term, affirmed the judgment, holding that the judgment in the justice's court was conclusive in this action, being a former adjudication between the same parties on the precise point in dispute; and that the justice had jurisdiction of the cause, since, as the court held, there was no question of disputed title in the justice's suit.

Defendant appealed to this court.

*John W. Dininny*, for plaintiff, respondent.—The justice, in the case of Schofield v. Bowyer, had jurisdiction of the parties and the subject matter of the action, and the judgment in that

action is conclusive here. Gardner v. Buckbee, 3 *Cow.* 120; Kingsland v. Spalding, 3 *Barb. Ch.* 341; Mitchell v. Hawley, 4 *Den.* 414; Burt v. Sternburgh, 4 *Cow.* 559. There is no objection to a justice rendering judgment although the title to land is in question, if the defendant does not expressly dispute it on the trial. Browne v. Scofield, 8 *Barb.* 239–241; Adams v. Beach, 6 *Hill*, 271; Koon v. Mazuzan, *Id.* 44; Adams v. Rivers, 11 *Barb.* 390.

*G. T. Spencer*, for defendant, appellant.—The judgment of the justice involved the question of title to real estate, and was therefore void. *Code*, §§ 54–62; Ashley v. Ashley, 6 *Cush.* 70; Watts v. Kinney, 23 *Wend.* 484; Hill v. Newman, 5 *Cal.* 445; Rathbone v. McConnell, 21 *N. Y.* 466; Haight v. Price, *Id.* 241; *Angel on Watercourses*, 4, 91, 207, 348; Calborne v. Richards, 13 *Mass.* 420; 2 *Cow. & H. Notes*, 826; *Comyn's Dig.* Estoppel, E; Richardson v. City of Boston, 19 *How. U. S.* 263; Arnold v. Arnold, 17 *Pick.* 4; Blin v. Campbell, 14 *Johns.* 432; Kintz v. McNeal, 1 *Den.* 436. The right in respect to the watercourse involves a question of title to land which a justice of the peace cannot try, equally as much as a right to a mere easement. The appeal suspended the effect of the judgment.

PECKHAM, J.—It lies with the party alleging error affirmatively to show it. If any presumptions are made they are always in affirmance of a judgment.

In the case at bar it nowhere appears that the title of either party in the justice's court was disputed or denied; in such case, if evidence be given of title, it does not oust the justice of jurisdiction. Koon v. Mazuzan, 6 *Hill*, 44; Adams v. Beach, *Id.* 271.

Had it been disputed, the party insisting upon the invalidity of the judgment should have proved that fact. The justice testified that he decided where the stream ought to run according to the evidence. If there had been but one witness, and he sworn for the plaintiff in that suit (defendant in this) and testifying without objection, this testimony of the justice would have been strictly true. It is no answer to say that the

court held the judgment conclusive, and refused to hear any evidence to impeach or contradict it. The defendant took no exception to that decision, and therefore acquiesced in it. There was sufficient uncontradicted evidence to warrant the direction given by the court to the jury in favor of the plaintiff, entirely irrespective of the judgment. If it proved nothing—if it were entirely immaterial, it affirmatively appears that it did no legal harm. The jury did not consider it, as nothing was left for their consideration. The court ordered a verdict for the plaintiff. True, the court refused to hear evidence as to the true course of the stream; but if the defendant was satisfied with and acquiesced in it, this court cannot review that ruling. Had the defendant excepted to that ruling, then the question would have been presented whether such a judgment upon an undisputed point of title (if title be involved) was conclusive as to the title in another suit. That question is not now here. The question where the stream ought to run might perhaps involve title to land (Kintz *v.* McNeal, 1 *Den.* 436; Watts *v.* Kinney, 23 *Wend.* 484; affirmed in 6 *Hill,* 82); or it might not. Rathbone *v.* McConnell, 21 *N. Y.* 466; affirming 20 *Barb.* 311; Haight *v.* Price, 21 *N. Y.* 241; Ehle *v.* Quackenboss, 6 *Hill,* 537.

DAVIES, Ch. J. [After stating the facts above.]—But two questions are presented for consideration, and the first is as to the conclusiveness of the judgment before the justice upon the rights of the parties. The question raised and litigated in both actions were identical, and based upon the right of the defendant to build and maintain the dams. The litigation in each action was between the same parties; and the judgment of a court having jurisdiction of the parties and of the subject matter of the action is conclusive, until reversed, upon the parties thereto and their privies. Freer *v.* Stotenbur;* Kerr *v.* Hays, 35 *N. Y.* 331; Burt *v.* Sternburgh, 4 *Cow.* 559.

A judgment of a justice of the peace, in a case of which he has jurisdiction, is, while unreversed, for every purpose, as conclusive, between the parties, as that of the highest court of record in the State. Mitchell *v.* Hawley, 4 *Den.* 414.

---

* Reported in this series.

The learned counsel for the appellant is mistaken in the assumption that the determination of the action in the justice's court necessarily involved a question of title to land. This court held in Rathbone v. McConnell, 21 N. Y. 466, which was an action for diverting a watercourse, that no claim of title to land arose, so as to give the plaintiff costs under section 304 of the Code, when he recovered less than fifty dollars damages. It was observed, in the opinion, that it was no way essential to the defendants that they should have an estate in the land benefited by the easement, or that their right should extend in point of time one moment beyond the commencement of the suit.

Although a mere revocable license would be enough to establish a defense, still they might have set up a grant, or a title by prescription, to a right to divert the waters of the stream, if such was the nature of their claim. This would have been an easement burdening the plaintiff's premises for the benefit of the lands, for the advantage of which the diversion was made. If such a grant or prescription had been set up it would have entitled the plaintiff to costs under the provisions of the Revised Statutes. In the action in the justice's court it was decided where the stream ought to run, and that decision was binding and conclusive upon the defendant until reversed. He cannot now set up in this action that the stream ought to run in a different channel from that established in that action as its proper and legitimate channel.

But by section 59 of the Code of Procedure, if it should appear on the trial, from the plaintiff's own showing, that the title to real property did come in question, yet the justice is not required to dismiss the action, unless such title shall be disputed by the defendant. The defendant has not shown affirmatively that the title to land did come in question on that trial. The plaintiff, in his complaint before the justice, alleged a trespass upon his close, but the defendant admitted in substance that the premises were the close of the plaintiff, but claimed the right to enter upon the same for the purpose of changing the course of the stream. The defendant did not, therefore, in his answer, set forth any matter showing that title to real property would come in question. No undertaking

could, therefore, properly be given or was given, pursuant to sections 56 and 57 of the Code; and section 58 declares that if the undertaking be not delivered as therein provided for, the justice shall have jurisdiction of the cause, and the defendant shall be precluded in his defense from drawing the title in question. The defendant is now too late in setting up the question of title to real property in that action. If any such question was presented in that case it was to be availed of either at the time of answering or upon the trial. If at the former period, then the justice could be ousted of jurisdiction of the cause in the manner pointed out in the Code. If the question of title of the plaintiff appeared on the trial, and the defendant did not dispute it, then the justice was to proceed with the action. The provisions of the Revised Statutes are identical with section 59 of the Code. See 2 *R. S.* 237, § 63.

In Koon *v.* Mazuzan, 6 *Hill*, 44, it was held, that although it appeared on a trial in a justice's court, from the plaintiff's own showing, that the title to lands is in question, and the justice improperly refused to dismiss the cause, his judgment will not be void for want of jurisdiction, but only voidable for error. It was also held that the justice may properly proceed and render judgment, notwithstanding evidence of title to lands be given by the plaintiff, if the defendants do not expressly dispute such title, nor move to have the cause dismissed. COWEN, J., in the opinion of the court, says: " But it is plain that the statute does not mean to deprive the justice of jurisdiction absolutely. It leaves him to judge whether the title be in question or not, and if he mistake, the judgment is voidable for error, not void for want of jurisdiction. It follows, I think, that if the party will entitle himself to a dismissal, he must call the justice's attention specifically to the objection by at least disputing the title claimed. If he omit this, it is a waiver and a virtual assent that the evidence of title shall be received; and that the title as made out shall pass without being drawn into dispute." So, also, Adams *v.* Beach, 6 *Hill*, 271.

In Browne *v.* Scofield, 8 *Barb.* 239, the court, by T. A. JOHNSON, Justice, said, referring to Koon *v.* Mazuzan, *supra*, that it was there held that a party to entitle himself to a dis-

missal, must call the justice's attention specially to the objection, by at least disputing the title claimed, or he will be deemed to assent to the evidence being received, and will not be heard afterward to object. In that case the title was not disputed, and nothing was set up to give the justice any fair notice that the defendant was disputing or contesting in any way the plaintiff's right or title. And it was said, that, if that suit had turned upon this question, the court would have no hesitation in saying that the right was not disputed or the objection taken distinctly enough to apprise the justice fairly of its object. That there is no objection to a justice rendering judgment, although the title to lands is in question if the defendant do not expressly dispute it on the trial. Referring to Adams *v.* Beach, *supra.*

In Adams *v.* Rivers, 11 *Barb.* 390, it was held that when a complaint in a justice's court is so drawn that the defendant can set up title in his answer, and, on giving the requisite security, oust the justice of his jurisdiction, but omits to set up title, the justice retains his jurisdiction, and the defendant will be precluded from drawing it in question on the trial. WIL-LARD, J., in the opinion of the court, says: " The complaint was so drawn that the defendant could have set forth in his answer any matter showing that title would come in question, and thus, by giving the requisite security, oust the justice of jurisdiction. He failed to do so, and therefore the justice retained jurisdiction of the cause, and the defendant was precluded in his defense from drawing the title in question. . . . . If the title to land was brought in question at all, it appeared on the face of the complaint. The defendant, having failed to take that objection at the joining of the issue and to give the required security, was precluded from raising it as a defense on the trial. Section 59 is applicable only to those cases when the defendant was not apprised by the nature of the action that title would be in question, and where it first appears by the plaintiff's own showing on the trial, that it is in question. In such case, if the defendant disputes the title, the justice is required to dismiss the action."

These observations are applicable, with force, to the case at bar, and effectually dispose of the defendant's objection that

the judgment in the justice's court, between these parties, was not a bar, on the ground that the justice had not jurisdiction of the action in which it was rendered. As already observed, that objection cannot now be taken, for the period has elapsed for setting up that the title to real property was involved therein. If this question appeared by the pleadings, it was to be interposed at the time of joining issue, and, in addition, security was to be given : if it appeared on the trial, and was not disputed, jurisdiction was not ousted. Then in either contingency, the parties are now precluded from setting it up.

It follows that the justice's judgment was legal and valid, and the rights determined by it could not again be opened for contest, and the judgment appealed from must be affirmed, with costs.

All the judges concurred, except MORGAN, J., who dissented.

Judgment affirmed, with costs.