CORNELIUS SCULLY, Respondent, *v.* JOSHUA C. SANDERS, Appellant.

Before an action of trespass can be said to affect the title to real estate, within the meaning of the provision of the Code of Procedure (§ 11, as amended by chapter 322, Laws of 1874), limiting appeals to this court, the issues, trial and judgment must be such as to determine or establish the title in favor of one party or the other.

(Argued April 8, 1879; decided April 15, 1879.)

THIS was an action of trespass.

The complaint alleged that defendant wrongfully entered in and upon plaintiff's lots, and then and there damaged and destroyed certain lumber of the plaintiff, and disturbed him in the possession of the lots. The answer admitted the entry, alleged that defendant took possession and enclosed the lots with a fence, and that he has since been in possession; but denied that he entered or held possession wrongfully, and denied all the allegations of the complaint not admitted. Upon the trial neither party proved title to the lots; both gave some evidence as to possession. It was proved that plaintiff placed some lumber on the lots which defendant removed. The court charged in substance that plaintiff was entitled to a verdict, and that the only matter the jury had to determine was the amount of damages sustained "by the unlawful removal of the lumber." The jury rendered a verdict for plaintiff for $100. *Held*, that the judgment did not affect the title to real estate, the court stating the rule as above, and that therefore it was not reviewable here.

*Roswell D. Hatch* for appellant.

*John Townshend* for respondent.

EARL, J., reads for dismissal of appeal.
All concur.
Appeal dismissed.