HENRY D. NORRIS, Respondent, *v.* WILLIAM H. NESBIT et al., Appellants.

An action to foreclose a mechanics' lien is not an action "affecting the title to real estate or an interest therein" within the meaning of the exception in the provision of the Code of Civil Procedure (§ 191, subd. 3), limiting appeals to this court, and when the amount in controversy is less than $500, the judgment is not reviewable here.

(Argued October 10, 1890; decided October 21, 1890.)

Appeal from judgment of the General Term of the Court of Common Pleas for the city and county of New York, entered upon an order made April 1, 1889, which affirmed a judgment in favor of plaintiff entered upon the report of a referee.

This action was brought to foreclose a mechanics' lien.

The following is the opinion in full:

"The mechanics' lien in process of foreclosure in this action was for a claim of $419.20, and hence the amount in controversy fell below the figure specified by section 191 of the Code of Civil Procedure as a condition of the right to have a further review by this court.

"Nor does the action affect the title to real property, or an interest therein, within the sense in which that language is to be taken and in which it has been construed in this court. (*Wheeler* v. *Scofield*, 67 N. Y. 311; *Nichols* v. *Voorhis*, 74 id. 28; *Trevett* v. *Barnes*, 110 id. 500.) No action can be deemed to effect the title to real estate, merely because it relates to real estate. Whether it be brought for an injury to real property, or to enforce the collection of a claim thereon, it is not included in the category of actions which have for their object the determination of title. The judgment in this action could not change the title to real estate or be conclusive evidence against the true owner. Its effect is simply to collect the plaintiff's money demand out of the real estate. He claims no title to it and as to these appellants, whatever their title and interests, the result of the action is to enforce payment out of the real estate, notwithstanding their defenses; leaving the legal or equitable relations subsisting between them and the defendant Schmidt, who was the record owner of the property when the debt of plaintiff's assignors was contracted, to be determined in some proper action, or in such way as the parties might take for that purpose.

"The appeal should be dismissed, with costs."

*De Witt C. Brown* for appellants.

*William Stone* for respondent.

Gray, J., reads for dismissal of appeal.

All concur.

Appeal dismissed.