Francis W. La Rue, as Executor of Nicholas M. La Rue, Deceased, Appellant, *v.* John G. Smith, Respondent.

1. Trespass — Pleading — Title to Real Property. *Quære,* whether an action, commenced in a Justice's Court and transferred to the Supreme Court, on a general denial to a complaint for trespass upon land averring ownership and possession in the plaintiff, where the litigation was only as to the true location of a boundary line and the defendant made no claim to the plaintiff's land nor the plaintiff any claim to adjacent land, involved a plea of title or affected the title to real property or an interest therein.

2. Alleged Trespass in Building Division Fence — Boundary Line. An action for trespass, alleged to have been committed by encroaching upon the plaintiff's land in building a division fence, fails when it is found by the trial court, with evidence tending to sustain the finding, that the defendant dug the post holes and built the fence, not upon any part of the plaintiff's land, but wholly on the other side of the true boundary line.

3. Acts of Trespass not Set up in Complaint. When the complaint in an action for trespass is based upon a specific act committed at a designated time and place, it is not legal error of which the plaintiff can complain, for the trial court to refuse a recovery for another act of a different character, committed at another time, and not stated in the complaint as a cause of action.

4. Evidence — Opinion of Witness. After a surveyor has found and testified to what he deems to be the boundary line between two lots, from deeds and from indications on the land, and has indicated the result of his work upon a map, it is not reversible error to permit him to add that, in his judgment, the work was right.

*La Rose* v. *Smith,* 91 Hun, 635, affirmed.

(Argued June 16, 1897; decided October 5, 1897.)

Appeal from a judgment of the General Term of the Supreme Court in the third judicial department, entered December 26, 1895, which affirmed a judgment in favor of defendant entered upon the report of a referee.

The nature of the action and the facts, so far as material, are stated in the opinion.

*W. C. Lamont* for appellant. The plaintiff was entitled to a judgment upon the undisputed facts. (*United States* v. *Kennedy,* 3 McLean, 175; *Dubois* v. *Beaver,* 25 N. Y. 123; *Her-*

*rick* v. *Stover*, 5 Wend. 587; *Dixon* v. *Clow*, 24 Wend. 188; *S. R. Co.* v. *A. & R. R. R. Co.*, 5 Hill, 170.) The referee erred in overruling an objection by plaintiff to the following question put to Surveyor Miller, "From the deed furnished you by the defendant, and from the indications you saw of old lines, in your judgment, are those posts set upon the north side of the true line of the Schuyler lots?" (1 Rice on Ev. 362; *People* v. *Smiler*, 125 N. Y. 717; *Ferguson* v. *Hubbell*, 97 N. Y. 507; *Norman* v. *Wells*, 17 Wend. 137; Abb. S. C. 372.)

*John S. Pindar* for respondent. The findings of fact are conclusive and not reviewable by the appellate court. (*Western* v. *G. M. Ins. Co.*, 12 N. Y. 258; *Borst* v. *Spelman*, 4 N. Y. 284; 12 N. Y. 586; *Newton* v. *Bronson*, 13 N. Y. 587; 5 Duer, 559; *Morgan* v. *Bruce*, 1 Code R. [N. S.] 364; 3 E. D. Smith, 518; 5 Duer, 594; 35 Barb. 602; 3 Bosw. 147; 4 Bosw. 169; 32 Barb. 568; 50 Barb. 119; 87 N. Y. 574, 623; 91 N. Y. 457; 92 N. Y. 306; Code Civ. Pro. § 191, subd. 3.)

O'Brien, J. This action was originally brought by the plaintiff's testator, in a Justice's Court, to recover damages in the sum of $55 for an alleged trespass by the defendant upon the plaintiff's land. The defendant interposed an answer before the justice which was supposed to contain a plea of title under § 2951 of the Code. The controversy was then transferred to the Supreme Court on the same pleadings and there tried before a referee, who ordered judgment for the defendant and dismissed the complaint, with costs. This judgment has been affirmed at General Term.

No appeal lies to this court from such a judgment, unless it appears that the title to real property was involved, and it is difficult to see how it was. The complaint alleges that the plaintiff was, and for thirty years had been, the owner and in possession of a parcel of land which is described as bounded by other lands. On the south of this parcel the lands of one Schuyler, then deceased, adjoined. The complaint then

states that on the 18th day of November, 1890, the defend-
ant wrongfully entered on plaintiff's land, trod down the
grass, dug up the ground, dug holes and set posts in the
ground, and unlawfully and wrongfully erected a fence on
plaintiff's land and otherwise injured the premises.

The defendant first denied the allegations of the complaint
and then alleged that he was the agent of the owners of the
Schuyler property laying to the south and adjacent to the
lands described in the complaint. That at the time and place
mentioned in the complaint he was engaged in erecting a line
fence between the two properties, or that part of the line
fence which the owners of the Schuyler land were bound to
maintain. That in so constructing the division fence, even
though they touched upon the plaintiff's premises and even
though one-half of every post hole for said fence was upon
the plaintiff's land, he committed no trespass, and that the
lawful act of constructing said division fence constituted the
trespass set forth in the complaint.

Upon these pleadings the case could have been tried before
the justice. The defendant made no claim of title to any part
of the land which the plaintiff alleged that he owned. He
simply claimed that the parties for whom he acted as agent
owned adjoining lands on the south, a fact which the plaintiff
had also alleged and was, therefore, admitted. The only point
in controversy was with respect to the precise location of the
division line, and that involved a question of fact. The plain-
tiff could have maintained the action by proof that he was in
possession of the lands described in the complaint, and that the
defendant had wrongfully entered upon them. The general
denial in the answer put in issue only the fact of plaintiff's
possession and a wrongful entry by the defendant. It did not
necessarily raise any issue with respect to the title to land.
The action involved no question save that which the ordinary
action of trespass always involves, namely, an injury to the
plaintiff's possession. The plea of title which, under § 2951
of the Code, requires the justice to enter judgment of discon-
tinuance in the action means some affirmative unequivocal

assertion on the part of the defendant of title to the *locus in quo* or some part thereof. A general denial to the complaint which avers possession or ownership or both in the plaintiff, and a wrongful entry by the defendant does not necessarily put the plaintiff to proof of title or require such proof from the defendant. An action based upon such pleadings is generally possessory in its nature, and may be tried and determined irrespective of any question of title. (*Dewey* v. *Bordwell*, 9 Wend. 65; *Bowyer* v. *Schofield*, 1 Abb. Ct. App. Dec. 177; *Koon* v. *Mazuzan*, 6 Hill, 44; *Adams* v. *Rivers*, 11 Barb. 390.)

The justice was not ousted of his jurisdiction over the case in consequence of anything appearing in the answer, and his judgment dismissing the action on the ground that a plea of title had been interposed could have been reviewed upon appeal.

If the pleadings, as made up before the justice, raised no question of title there, the same pleadings had no different effect when the action was transferred by the decision of the justice to the Supreme Court. When an action of this character has been improperly dismissed by a justice of the peace under an erroneous view as to what constitutes a plea of title, and the plaintiff submits to the decision and files his complaint in the Supreme Court, he must be regarded as voluntarily abandoning the suit before the justice, and the action in the Supreme Court should be treated as originally commenced there, since that court has general jurisdiction of all such actions. The action, therefore, can properly be treated for all purposes as one brought by the plaintiff in the Supreme Court to recover damages for an injury to real property. The judgment appealed from was rendered prior to the last day of December, 1895, and is to be reviewed here according to the law as then existing. (Code, § 190.) The jurisdiction of this court must, therefore, depend upon the question whether the action is one affecting the title to real property or an interest therein. The defendant has made no claim to any lands of the plaintiff, nor the plaintiff any claim to any part of the

Schuyler lot.   The litigation is with respect to the true
boundary line between the lots, and under the adjudications
on the question it is not apparent how any question of title is
involved. (*Learn* v. *Currier*, 15 Hun, 184; *S. C.* affd., 76 N.
Y. 625; *Rathbone* v. *McConnell*, 21 N. Y. 466; *Norris* v.
*Nesbit*, 123 N. Y. 650; *Scully* v. *Sanders*, 77 N. Y. 598;
*Dunster* v. *Kelly*, 110 N. Y. 558; *Kohlbrenner* v. *Elsheimer*,
19 Hun, 88.)   The controversy was still with respect to the
location of the division line between the plaintiff and the
Schuyler land.

While it appears to us that there was no question of title to
real property involved in this action, and that the controversy
turned upon the location of a boundary line between two par-
cels of land, it is fair to say that the question has not been dis-
cussed by counsel, and the case has been submitted upon the
merits, upon the assumption that this court had full jurisdic-
tion of the appeal.   It is possible also that we may have over-
looked some view of the case which might be made to appear
upon examination and argument by counsel.   The parties were
sent to the Supreme Court by what seems to us to have been
a mistaken view by the justice as to the nature and require-
ments of what is known in these courts as a plea of title, but
both sides have acquiesced in his decision, and the case was
fully tried before the referee in the same way as if title was
involved.   Under these circumstances, perhaps the fairest way
is to dispose of the case upon the merits.   Wherever the
boundary line was located, it was conceded that the plaintiff's
land was on the north, and that of the defendant on the south.
Neither party attempted by pleading to fix the line by metes,
bounds, monuments, courses or distances, and to claim the
land north or south of such a line.   The inquiry was as to the
location of the line as matter of fact.

The referee found that the plaintiff owned the land described
in the complaint.   He also found that the defendant dug the
post holes and built the division fence, not upon any part of
the plaintiff's land, but south of the true boundary line, and
wholly upon the Schuyler land.   There is evidence in the case

to sustain this finding, and it is conclusive on this appeal, and disposes of the case. We are not concerned with the weight or preponderance of the evidence. It is enough now that there is some evidence to support the finding. In order to recover, it was incumbent on the plaintiff to prove that in building the division fence the defendant committed a trespass, and since the referee has settled that fact against the plaintiff, there is no other ground upon which his case can stand.

It is now urged by the learned counsel for the plaintiff that the undisputed proof in the case shows that, about a year before the commission of the specific acts of trespass stated in the complaint, the defendant committed another trespass by throwing a quantity of brush upon the lands of the plaintiff, and for that wrongful act the plaintiff was entitled to recover nominal damages. The referee had power to confine the plaintiff's right of action strictly to the specific wrongful acts stated in the complaint, that is, to the digging of the post holes and the building of the fence. The action was clearly based upon a specific act committed at a designated time and place, and it was not a legal error, of which the plaintiff can complain, for the referee to refuse to permit a recovery for another act of an entirely different character committed a year before and which was not stated in the complaint as a cause of action.

This court would not be justified in reversing a judgment merely because the plaintiff was not permitted to recover nominal damages upon a cause of action which, though proven, was not embraced within the scope of the complaint and was a mere incident of the real subject of the controversy.

The defendant propounded the following question to a surveyor, who had made a survey of the premises and a map and had designated lines and courses with reference to the true location of the boundary line:

"From the deed furnished you by the defendant and from the indications you saw of old lines, in your judgment, are those posts set upon the north side, the true line of the Schuyler lot?" The objection to the question was overruled

and an exception taken by plaintiff, and the question answered in the affirmative. It appeared that this surveyor had made the survey upon which the defendant acted in building the fence. He had indicated for his guidance where the line actually was, and this question really called for his opinion as an expert whether he was right or wrong. The question was probably unnecessary, as there could be no doubt, from the facts stated by the witness and from his acts, what his opinion was.

But even if it could be held that such a question to a surveyor was not strictly competent, the error, if any, was harmless. After a surveyor has found what he deems to be the boundary line between two lots from deeds and from indications on the land, and has indicated the result of his work upon a map, it is not reversible error to add that, in his judgment, the work was right, and that is substantially all that the answer to the question meant.

There are some other minor questions as to rulings of the referee, but they present no question that would warrant us in reopening a controversy which should have been settled in the Justice's Court.

The judgment must, therefore, be affirmed.

All concur in result upon the merits as discussed in the opinion, except GRAY, J., absent.

Judgment affirmed, with costs.