WILLIAM H. ROSE, Appellant, v. DAVID PURCELL, Respondent.

(County Court, Ulster County, October, 1909.)

Justices of the peace: Procedure in Justice's Court — Pleading — Plea of title — Sufficiency: Appeal and error — Review — Scope of review — Questions considered — Whether title is involved.

Defendant, in consideration of the right to cut hoop poles on certain land of which plaintiff was in possession, agreed to employ him to cart the poles; but, after the delivery to defendant of trees severed from the land, he declined to allow plaintiff to draw them to their ultimate destination, whereupon plaintiff brought suit in Justice's Court for damages. The defendant answered by a general denial and by a special plea that plaintiff was not the owner of the land or the trees cut therefrom.

Held, that, admitting the facts specially pleaded, there remained a cause of action for services rendered; and it was error, over plaintiff's objection, to enter a judgment of discontinuance upon the ground that the title to the real estate was involved.

There being no facts alleged, as required by section 2951 of the Code of Civil Procedure, showing that a question of title was in

volved, the special plea was simply a general denial of non-essential facts alleged in the complaint and bad as a plea of title.

The judgment discontinuing the action on the ground that a plea of title had been interposed was appealable to the County Court.

APPEAL from a judgment discontinuing the action upon the plea of title.

H. Westlake Coons for appellant.

John R. Devany for respondent.

CANTINE, J. The complaint sets forth the following facts:

The plaintiff, in possession of certain lands, gave the defendant the right to cut the hoop poles thereon; and, in consideration thereof, the defendant agreed to employ the plaintiff to cart the poles.

The plaintiff performed his contract in part and was prevented by the defendant from completing the same, for which certain damages were claimed. The answer contained a general denial. It also alleged, as a special plea, that the plaintiff was not the owner of the land, or the wood taken therefrom. Upon this plea the defendant moved a discontinuance of the action, upon the ground that the title to real estate was involved, and tendered the statutory undertaking. Over the plaintiff's objection the plea was accepted and the action discontinued. From this decision an appeal has been taken to this court.

There are two questions involved. *First.* Did the plea interposed raise a question of title which ousted the Justice's Court of jurisdiction?

*Second.* Will an appeal lie directly to this court from such a decision?

The issue presented by the first question will become more plain upon the consideration of the essential facts involved in this action, viz.: The plaintiff removed severed trees from the land and gave the defendant possession of the same. For these services, in part, the action is brought. The defendant, after gaining possession of the severed trees, declined

to allow the plaintiff to complete his contract, viz., to draw them to their ultimate destination; and, for this act, damages are claimed.

To this cause of action the defendant answered by a special plea that the plaintiff was not the owner of the land or the trees cut from the same. If that issue be immaterial, then the court is not ousted of jurisdiction; if it be material, the court is ousted of jurisdiction.

Admitting the facts stated in the plea, viz., that the plaintiff was neither the owner of the land nor the trees, there remains a cause of action for services rendered, entirely independent of any question of ownership.

The plea of title tendered is bad for another reason. There are no " facts " alleged, showing that a question of title is involved. This is the express requirement of section 2951 of the Code. The plea is a simple general denial of non-essential facts stated in the complaint. A plea of title " means some affirmative, unequivocal assertion on the part of the defendant of title to the *locus in quo,* or some part thereof." LaRue v. Smith, 153 N. Y. 428, 431.

As to the second question involved in this appeal. Generally speaking, appeals are only authorized from judgments. Code Civ. Pro. § 3044.

The act of the justice in discontinuing the action ended it, so far as that court was concerned, and a judgment could have done no more. In actions upon accounts, where the sum total involved is more than $400, the justice is required to render a " judgment of discontinuance." Code Civ. Pro. § 2950.

Although not directly involved, the Court of Appeals, in the case of LaRue v. Smith, 153 N. Y. 431, uses this language: " The justice was not ousted of his jurisdiction over the case in consequence of anything appearing in the answer, and his judgment dismissing that action, on the ground that a plea of title had been interposed, could have been reviewed upon appeal."

In Koon v. Mazuzan, 6 Hill, 44, the court states upon the entry of a plea of title: " It leaves him (the justice) to judge whether the title be in question or not, and if he mis-

take, the judgment is voidable for error, not void for want of jurisdiction."

And again, in Fleet v. Youngs, 7 Wend. 292, this language is used: " When such plea is interposed, the justice must decide whether the plea is appropriate to the action. If he errs, the injured party has his remedy." . If, as has been urged, the plea of title automatically ousted a Justice's Court of jurisdiction with no redress by appeal, it would make a farce of proceedings in that court.

Judgment reversed, with costs.