MARY S. DOUGHTY, Respondent, v. PERCY KINGSLEY,
Appellant.

(County Court, Saratoga County, September, 1910.)

Justices of the peace —Jurisdiction —Actions involving title to real prop-
   erty — Pleas bringing title in question.

   In an action in a justice's court by a landlord to recover damages
   for injuries to the demised premises by the tenant, the defendant's
   statement that he disputed the title was not enough to satisfy
   the provisions of section 956 of the Code of Civil Procedure, rela-
   tive to title to real property coming into question upon the plain-
   tiff's own showing; and, the defendant not having complied with

Misc.]    County Court, Saratoga County, September, 1910.

sections 2951 and 2952 relating to an answer and undertaking in such a case, the jurisdiction of the justice was not disturbed, and a judgment for the plaintiff entered upon the verdict of a jury should stand.

APPEAL from a judgment of a justice's court entered upon the verdict of a jury.

Robert Frazier, for appellant.

Oscar Warner, for respondent.

ROCKWOOD, J.   The plaintiff as owner of certain premises in the village of Mechanicville brought this action against the defendant, as tenant, to recover for damages to her property alleged to have been negligently committed by the defendant during his occupancy.   It was claimed that the defendant had broken glass, defaced plastering, wall paper and side walls, by throwing ink and other injurious substances thereon.   A general denial was interposed, and the issues thus framed came to trial before a justice of the peace and a jury.   Considerable evidence was presented and the plaintiff had judgment from which defendant has appealed.

The justice and the jury, with the witnesses before them upon a disputed question of fact of this character, are best able to judge of the situation and the credibility of the witnesses.   Their finding should not be disturbed unless clearly contrary to law or against the weight of the evidence. McGregor v. Board of Education of the City of New York, 107 N. Y. 511.

Many grounds have been argued by the learned counsel for the appellant as a ground of reversal, and these present such points of legal nicety as to be somewhat difficult of accurate determination and worthy of most careful consideration.   In the first place, it is insisted that the title to real property came in question upon the trial; and, if this is so, the justice was clearly without jurisdiction to try the case.   Sections 2951 and 2952 prescribe the method by which

a defendant may raise an answer of title in justice's court. None of the requirements there prescribed was here complied with. The defendant's answer is barren of facts showing that the title to real property would come in question upon the trial, and the undertaking to admit service of the summons and complaint in a new action, if brought, was not given. It was essential that these provisions of the Code should have been followed. LaRue v. Smith, 153 N. Y. 428–431; Adams v. Rivers, 11 Barb. 390; Fredonia & Sinclearville Plank Road Co. v. Wait, 27 Barb. 214; Ryan v. Harrigan, 9 Hun, 520.

The appellant answers this argument by citing section 2956 of the Code and contends that the title to real estate came in question upon the plaintiff's own showing and that this was sufficient to oust the justice of his jurisdiction.

Section 2956 provides: " If, however, it appears, upon the trial, from the plaintiff's own showing, that the title to real property is in question, and the title is disputed by the defendant, the justice must dismiss the complaint, with costs, and render judgment against the plaintiff accordingly."

The defendant's statement that he disputed the title to the property was not sufficient to raise the question of title; and, upon the authority of Gould v. Patterson, 63 Hun, 575, the failure to give the undertaking required by the Code operated as a waiver by the defendant of his right to object to the jurisdiction of the court. Judge Macomber, writing the opinion of the court in the Gould case, maintained the contention that the defendant had waived his rights and added: "Any other conclusion, as it seems to us, would enable a defendant, where the pleadings showed that title to real estate might come in question before a justice of the peace, to reap all the benefits of the provisions of law for removal of cases without incurring the hazards of giving the undertaking."

The conclusion is reached, therefore, that the title to real estate was never in question upon this trial and that, even if this by any strained construction could be considered otherwise, the defendant waived the point by failure to give the undertaking required by the Code.

Some of the rulings of the justice as to the admissibility of evidence are subject to criticism but not to the extent, it is believed, of justifying a reversal of the judgment. Upon appeals of this class the court is required to overlook technical defects and errors not materially affecting the merits and to give judgment as the real justice of the case demands. That the plaintiff suffered serious damage to her property is beyond question, and the verdict of the jury finding the defendant responsible for the damage is warranted by the evidence. The errors in the record did not, in the opinion of the court, materially affect the merits of the controversy. The jury rendered a reasonable and not an excessive verdict, and apparently no just reason exists for disturbing the judgment which has been rendered in favor of the plaintiff.

Judgment affirmed, with costs.