(82 Misc. Rep. 491.)

PEOPLE ex rel. HILL v. KELSEY, Justice of Peace, et al.

(Supreme Court, Special Term, Cattaraugus County.   November 8, 1913.)

1. PROHIBITION (§ 10*)—JURISDICTION OF SUPREME COURT.
     The Supreme Court may, in a proper case, issue a writ of prohibition to limit an inferior court to its legitimate jurisdiction.
     [Ed. Note.—For other cases, see Prohibition, Cent. Dig. §§ 37–56; Dec. Dig. § 10.*]

2. JUSTICES OF THE PEACE (§ 36*)—JURISDICTION—"PLEA OF TITLE" TO REAL PROPERTY.
     Code Civ. Proc. § 2232, subd. 4, provides that an intruder upon real property holding over without permission, or after permission has been revoked, may be removed.   Section 2951 provides that defendant in a justice's court may plead facts showing that title to real property would come in question, and, where he does so, section 2952 requires him to give an undertaking to accept service in a court of competent jurisdiction.   Section 2954 provides that after such undertaking the action shall be discontinued, and section 2955 provides that if no undertaking is given, the justice has jurisdiction of the action, and that defendant may not draw the title into question.   Defendant in summary proceedings under section 2232, subd. 4, denied plaintiff's allegation that he was entitled thereto as a lessee under a named person, alleged to be the owner of the premises.   Held, that these sections related to the pleadings, and that, as defendant had not set up a "plea of title," which means some unequivocal, positive assertion of title to the premises or some part thereof, the justice had jurisdiction.
     [Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 83–97; Dec. Dig. § 36.*]

3. JUSTICES OF THE PEACE (§ 36*)—JURISDICTION.
     Code Civ. Proc. §§ 2951–2957, relating to pleadings in justice's court, and sections 2951–2954, for the discontinuance of the action on plea that title to real property will come in question, relate only to actions as distinguished from special proceedings, and hence do not extend to a summary proceeding to remove one in possession of land holding and presenting only the question of right to possession.
     [Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 83–97;   Dec. Dig. § 36.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Prohibition by the People of the State of New York, on the relation of Harry Hill, against G. Frank Kelsey, a Justice of the Peace, and another. Denied.

Jewell & Waring, of Olean, for relator.

John G. Duke, of Olean, for Georgetson.

G. Frank Kelsey, of Olean, in pro. per.

WOODWARD, J. It appears from the petition of Harry Hill, the relator, that on or about the 14th day of October of the present year, one George Georgetson, of Olean, Cattaraugus county, commenced a summary proceeding, under the provisions of subdivision 4 of section 2232 of the Code of Civil Procedure, against the said Harry Hill to dispossess the latter from certain premises in the city of Olean; such proceeding being instituted before G. Frank Kelsey, a justice of the peace of said city. The ground on which the proceeding was based was that the relator had entered into possession of the said premises without the consent of said George Georgetson, who claimed to be entitled to the possession of said premises under a lease from one Marcia Bradner, who was alleged to be the owner of said premises. The relator alleges in his petition that "issue was joined in said action (proceeding) by the petitioner herein, Harry Hill, by the service and filing of an answer on the 22d day of October, 1913, and that said answer denied that Marcia Bradner was the owner of said premises, and denied that George Georgetson was entitled to the possession thereof," and that the relator objected to the jurisdiction of the justice on the ground that the question of title to real property was in issue, and that the said justice on the 30th day of October, 1913, overruled said objections and set the issues for trial before him on the 3d day of November, 1913. These allegations are followed by the proper formal matters, and the prayer of the petitioner is that a writ of prohibition issue out of this court directed to G. Frank Kelsey, the justice of the peace before whom the said summary proceedings are returnable and to George Georgetson, the plaintiff herein.

[1] It will be assumed, without discussion, that this court may, in a proper case, issue a writ of prohibition to limit a court of inferior jurisdiction to its legitimate field of activities; but we are clearly of opinion that the present is not such a case.

[2] Section 2232 of the Code of Civil Procedure provides that:

"In either of the following cases, a person, who holds over and continues in possession of real property, after notice to quit the same has been given, * * * may be removed therefrom, as prescribed in this title: * * * (4) Where he, or the person to whom he has succeeded, has intruded into, or squatted upon, any real property, without the permission of the person entitled to the possession thereof, and the occupancy, thus commenced, has continued without permission from the latter; or, after a permission given by him has been revoked, and notice of the revocation given to the person or persons to be removed."

No question of the sufficiency of the allegations of the moving papers is suggested, and no question is raised that the justice had jurisdiction of the summary proceedings; but the contention of the relator is that the petition in the summary proceeding having alleged

ownership in Marcia Bradner, with right of possession in George Georgetson, and the relator having denied ownership in said Marcia Bradner, that, under the provisions of sections 2951 and 2956 of the Code of Civil Procedure, the justice is ousted of jurisdiction, and the writ of prohibition is asked to prevent the justice from going forward with the trial. We think this contention arises from a misapprehension of the purpose of the statute. Section 2951 of the Code of Civil Procedure, which is a part of chapter 19 of the Code in reference to justice's court pleadings, provides that the "defendant may, either with or without other matter of defense, set forth in his answer facts, showing that the title to real property will come in question"; but it should be remembered that a plea of title means some unequivocal assertion by defendant of title to the premises or some part thereof (La Rue v. Smith, 153 N. Y. 428, 47 N. E. 796), and not a mere denial of the allegation of ownership. When such a pleading is put in the Code prescribed what is to be done, and section 2952 provides for the giving of an undertaking by the defendant to the effect that he will accept service in a court of competent jurisdiction. Section 2954 then provides that upon the giving of such an undertaking the action is to be discontinued, each party paying his own costs, and section 2955 provides that if the undertaking is not given the justice "has jurisdiction of the action, and must proceed therein; and the defendant is precluded, in his defense, from drawing the title in question." These provisions all relate to an action where the defendant has, by his pleadings, shown that the title to real property will come in question, and the justice's court is not ousted from its jurisdiction until the defendant has given an undertaking to accept service in a court of competent jurisdiction on the same cause of action. Section 2957, Code of Civil Procedure. These provisions relate to the pleading, not to the trial. Section 2956 of the Code of Civil Procedure, however, provides for a different situation. If the defendant has not pleaded that title to real property will be involved, and the case comes on for adjudication, and "it appears, upon the trial, from the plaintiff's own showing, that the title to real property is in question, and the title is disputed by the defendant, the justice must dismiss the complaint, with costs, and render judgment against the plaintiff accordingly."

It is not claimed that the defendant has "set forth in his answer any facts showing that the title to real property will come into question." A denial of an allegation of a complaint or petition is not a setting forth of facts; it simply challenges the truth of the allegation and puts the plaintiff or petitioner to his proofs, while the requirement of the law is that there shall be an affirmative issue; a declaration of facts which show that the defendant claims title to the real property. La Rue v. Smith, supra. Not only has the defendant not raised an issue involving the title to real property, as that term is used in the law, but it is not claimed that he has given the undertaking required by section 2952 of the Code of Civil Procedure, and section 2955 distinctly provides that if such undertaking is not given the justice "has jurisdiction of the action, and must proceed therein," and it would ill comport with the duties of this court to prohibit what the law specially directs. Sec-

tion 2956 of the Code of Civil Procedure has absolutely no bearing upon the question as it is presented on this application; it relates entirely to the trial, which we are asked to prevent by a writ of prohibition, and which is yet to follow.

[3] We have so far treated the questions involved as though sections 2951 to and including 2957 were applicable to a special proceeding; but such is not the case. In Quinn v. Quinn, 46 App. Div. 241, 61 N. Y. Supp. 684, the court say:

"The Municipal Court is not ousted of jurisdiction in summary proceedings by reason of the fact that the title to real property is involved. * * * Those provisions of the Code of Civil Procedure which require a dismissal in cases of disputed title relate only to actions as distinguished from special proceedings." People v. Goldfogle, 30 N. Y. Supp. 296; Van Deventer v. Foster, 87 App. Div. 62, 64, 83 N. Y. Supp. 1067, and authorities there cited; Hollister v. Wohlfeil, 115 App. Div. 400, 100 N. Y. Supp. 907; Drake v. Cunningham, 127 App. Div. 79, 80, 111 N. Y. Supp. 199; Wetterer v. Soubirous, 22 Misc. Rep. 739, 742, 49 N. Y. Supp. 1043.

The case last above cited, after laying down the broad proposition, quotes People v. Goldfogle, supra, as follows:

"The question in summary proceedings is whether the relation of landlord and tenant exists. The question of title cannot arise, the one presented being as to right to possession, and the decision simply determines who is entitled to the possession, and cannot in any way affect title to land."

See, also, La Rue v. Smith, 153 N. Y. 428, 430, 431, 47 N. E. 796, and authorities there cited.

The application should be denied, with costs.