THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* JOHN J. BABLO, Defendant.

County Court, Yates County, September 17, 1953.

*Lyman H. Smith, District Attorney,* for plaintiff.

*Justin H. Corcoran* for defendant.

McCann, J. This is a proceeding to remove this case from Justice's Court to County Court pursuant to the provisions of section 110-a of the Civil Practice Act.

The defendant was brought before Hon. Douglas Miles, one of the Justices of the Peace of the Town of Starkey in Yates County, for an alleged violation of subdivision (b) of section 363 of the New York State Conservation Law. The information laid before Justice Miles alleges in substance that the defendant refused to cease fishing on and leave the lands of one Edith Brewer when she requested him to do so.

Subdivision (b) of section 363 is in part X of the Conservation Law. The third paragraph of subdivision 2 of section 176 of that law makes any violation of part X a misdemeanor. Section 2 of the Penal Law defines a misdemeanor as a crime. Section 953 of the Conservation Law grants the Courts of Special Sessions jurisdiction to try offenses committed under the Conservation Law.

The defendant bases his motion on subdivision 1 of section 110-a of the Civil Practice Act, the pertinent part of which reads as follows: " Whenever in any action or special proceedings it shall appear *that the title to real property will come in question* * * * the action or proceeding may be removed to a court having the proper jurisdiction."

The above portion of section 110-a of the Civil Practice Act was enacted by the Legislature of this State in 1943 because it felt that the procedure transferring these causes from Justice's Court pursuant to sections 172–179 of the Justice Court Act was too cumbersome. It entailed too much " red tape."

I have been unable to find cases construing this comparatively new section of the law. It has therefore become necessary to turn to section 172 of the Justice Court Act. Under this section the case nearest in point seems to be that of *La Rue* v. *Smith* (153 N. Y. 428). There the court in its opinion at pages 430–431 says: " The action involved no question save that which the ordinary action of trespass always involves, namely, an injury to the plaintiff's possession. The plea of title which, under § 2951 of the Code, requires the justice to enter judgment of discontinuance in the action means some affirmative unequivocal asser-

tion on the part of the defendant of title to the *locus in quo* or some part thereof.''

The crime which this defendant is alleged to have committed seems to me to be in the nature of a trespass, and an injury to plaintiff's possession. After an examination of the moving papers I am unable to find where the Justice's Court was in any way ousted from jurisdiction by reason of there being a question of title to the real property as intended by section 110-a of the Civil Practice Act.

The motion of the People for dismissal of this proceeding is granted and the order staying the proceedings herein is vacated. Submit order.